ERNST F. C. KLOKKE

*v.*

PHILISKEY E. STANLEY.

*Filed at Ottawa March 24, 1884.*

1. TAX DEED—*of a second deed to remedy omissions on the part of the holder—duty of the clerk.* A county clerk who has once executed a tax deed at the instance of the holder of the certificate of purchase, upon evidence furnished by such holder, can not subsequently be compelled, by *mandamus*, to execute to the same party another tax deed under the same certificate of purchase, the holder thereof having filed with the clerk additional and more perfect evidence of his having complied with the law in respect to giving notice of his purchase, etc.

2. SAME—*duty of clerk to remedy his own mistake.* If, however, the county clerk himself makes a mistake in executing a tax deed, whereby it is rendered inoperative for the purpose for which it was intended, he may be compelled, by *mandamus*, to correct his mistake, and he may make the correction without being coerced thereto by the court.

3. MANDAMUS—*when granted.* A party applying for a *mandamus* must show a clear legal right to have the thing sought by it to be done; and if the granting of the writ will be of no avail to the party applying for it, it will be refused.

4. SAME—*not granted to relieve a party from his own mistake.* It is contrary to the policy of the law that *mandamus* should issue, where its sole purpose and effect is to relieve the party seeking it from the consequences of his own mistakes or omissions.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

A petition for *mandamus* was filed in the Superior Court of Cook county, on the 22d of September, A. D. 1882, in the words following, omitting the caption:

"The petition of Philiskey E. Stanley, of Cook county, State of Illinois, complains that on the 10th day of October, A. D. 1879, at a tax sale then being held in said Cook county, by Samuel H. McCrea, county treasurer and *ex officio* collector of revenue of said county, the petitioner bid off and became the purchaser at said sale of lot four (4), in block thirty-five (35), in school section addition to Chicago, situate in said Cook county; that thereupon petitioner paid to said collector the sum of $377.33, and afterwards, on said 10th day of October, 1879, the county clerk of said county made out and delivered to petitioner, duly executed and countersigned, a tax sale certificate of purchase of said lot, said certificate being numbered No. 15,663; that said petitioner, as owner of said certificate, duly caused to be served a partly written and partly printed notice of such purchase, on every person in actual possession or occupancy of said premises, and upon all the owners or parties interested in said premises, three months before the expiration of the time of redemption of said sale, in which notice petitioner stated when he purchased said lot, in whose name the same was taxed, the description of the premises so purchased, for what years the same was taxed, and when the time of redemption would expire; that petitioner caused diligent inquiry to be made for the person in whose name said lot was taxed; that upon such inquiry said person could not be found in said county, and thereupon petitioner caused said notice to be published in a newspaper printed in said county, said notice being inserted three times in said newspaper,—the first time not more than five months,

and the last time not less than three months, before the time of redemption from said sale would expire; that said premises were not redeemed by any one from said sale during the time limited by law for such redemption; that on the 11th day of November, 1881, petitioner made affidavit, (still being owner and holder of said certificate of sale, supposed by him at that time to be in compliance with the conditions of section 216 of the Revenue act, chapter 120, of the Revised Statutes of the State of Illinois,) stating particularly the facts relied upon as complying with said act, and thereupon delivering said affidavit and certificate of sale, and the receipt for the payment of all taxes upon said premises for the two years following said tax sale, to the county clerk of said county; that petitioner at that time requested said county clerk to execute and deliver to petitioner a tax deed of said premises; that thereupon said county clerk duly filed said affidavit, certificate of sale, and the papers accompanying the same, in the office of the county clerk of said county, and afterwards, to-wit, on November 25, 1881, executed and delivered to petitioner a tax deed of said premises, said tax deed being tax deed No. K1952; that the papers upon which petitioner obtained said tax deed were, the affidavit of petitioner, the said tax sale certificate, the said tax receipts, the affidavits of William E. Winholtz, George M. French and James Mois, the tax purchaser's notices, the published tax sale notice, and the certificate of publication of said notice, certified copies of which are hereto annexed and made a part of this petition; that Mary Conners was in possession of said premises at the time when notices were served as aforesaid, but they do not show that said notice was at any time served upon said Mary Conners; that said notice was duly served upon said Mary Conners, by delivering a copy thereof to her, on the 15th day of March, 1881; that the same was served upon her by said George M. French, agent of petitioner, for that purpose, but at the time of making said affidavit of service

of said notice by said French, the allegation that he had so
served said notice upon said Mary Conners was left out of
said affidavit by mistake, and that neither petitioner, nor said
French, nor said clerk, nor any one else, discovered said mis-
take until long after the execution and delivery of said tax
deed; that petitioner believes it to be the law that said tax
deed, so far as it relates to the premises aforesaid, 'was pre-
maturely issued, unauthorized, and void, for the reason that
said papers, so filed as aforesaid, show that said Mary Con-
ners was in possession of said premises at the time of service
of said notices, but show no service of said notice upon said
Mary Conners, and that said papers so filed are not in com-
pliance with section 216 of said act, and are not *prima facie*
evidence that your petitioner had complied with the condi-
tions of said section 216 at the time when said tax deed was
issued;' that petitioner has made no conveyance of said
premises at any time after discovery of said mistake in the
affidavit of said French; that petitioner made a new affidavit,
accompanied with a copy of said notice and a second affidavit
of said French, stating that he served said notice on said
Mary Conners on the 15th day of March, 1881; that peti-
tioner presented said last mentioned papers to said county
clerk, Ernst F. C. Klokke, and requested him to file the same,
and to deliver to petitioner a new deed for said premises,
offering to pay any additional fee to said clerk which it might
be necessary to pay, but said clerk refused, and still refuses,
to deliver to petitioner such new deed; that the time limited
for taking out a valid deed upon said premises will expire on
the 10th day of October next; that petitioner believes it is
the duty of said clerk to deliver to him a new deed of said
premises in time for filing the same for record, before the 10th
day of October, 1882; wherefore petitioner prays this court
to grant a writ of *mandamus* to compel said Ernst F. C.
Klokke to receive and file in his office said papers last pre-
sented to him, and to execute and deliver to petitioner a new

deed of said premises, and to do such acts and things as the law requires, for petitioner's relief."

Copies of the affidavits, notices of purchase, etc., are referred to in the petition as exhibits.

The defendant demurred to the petition, and for cause of demurrer assigned, "that as the county clerk of said county has regularly issued a tax deed in compliance with section 216 of the Revenue law, and that such deed having been in all respects issued regularly and according to law, as appears from said petition, the respondent, as such county clerk, has no power or authority in law to issue a second deed." The demurrer concludes: "Wherefore, and for other good causes of demurrer appearing in said petition, defendant prays judgment whether he shall be compelled to make further answer." The court overruled the demurrer, and the defendant making no further answer, the court adjudged that the petition be taken for confessed, and that a peremptory *mandamus* issue, etc. An appeal was prosecuted from that judgment to the Appellate Court. That court affirmed the judgment of the Superior Court, and the case comes here by appeal from the last named judgment, on certificate as to the importance of the question involved, by two of the judges of that court.

Mr. E. R. BLISS, and Mr. H. W. MAGEE, for the appellant.

Messrs. ABBOTT, OLIVER & SHOWALTER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question presented by this record is, whether a county clerk who has once executed a tax deed at the instance of the holder of the certificate of purchase at a tax sale, upon evidence then furnished by such holder, can be subsequently compelled, by *mandamus*, to execute to the same party another tax deed under the same certificate of purchase, the holder thereof having filed with the clerk additional and more per-

fect evidence of his having complied with the law in respect to giving notice, etc., since the execution of the first deed. Our answer must be in the negative. It is true, where a clerk has himself made a mistake in executing a tax deed, whereby it is rendered inoperative for the purpose for which it was intended, he may subsequently be compelled, by *mandamus*, to correct his mistake, and, of course, may make the correction without being coerced thereto by judgment of court. (*Maxcy* v. *Clabaugh*, 1 Gilm. 26. And to the same effect is *McCready* v. *Sexton*, 29 Iowa, 356.) But here the clerk has made no mistake. The mistake made is that of the party applying for the deed, and relates to proof which it was his duty to furnish to the clerk, and which he assumed to furnish to the clerk, before applying for his deed. If he may have *mandamus* to compel the clerk to make a new deed upon his alleged correction of one mistake, may he not also have it to compel the clerk to make a new deed upon his alleged correction of another mistake? Where is it to end? The owner of the land to be affected is not before us, and has no opportunity to be heard upon this question. If this *mandamus* will lie, will it not afford a precedent whereby purchasers at tax sales may, by adroit manipulation, obtain the opinion of the court upon the validity of a given title before the land owner has any opportunity to be heard? The rule is, a party applying for a *mandamus* must show a clear, legal right to have the thing sought by it to be done, and if the granting of the writ will do the party applying for it no good, it will be refused. *People* v. *Chicago and Alton R. R. Co.* 55 Ill. 95; *Commissioners of Highways* v. *Bonker*, 66 id. 339; *People* v. *City of Elgin*, id. 507; *People* v. *Klokke*, 92 id. 134; *People ex rel.* v. *Dulaney*, 96 id. 503; *People ex rel.* v. *Johnson*, 100 id. 537. And so the question of the sufficiency of the deed to convey the title, when made as asked, would always be a pertinent question in such cases.

We think it is contrary to the policy of the law that *mandamus* should issue where its sole purpose and effect is, as it is here, to relieve from the consequences of the mistakes or omissions of the party applying for it.

The judgment is reversed and the cause remanded.

*Judgment reversed.*