HENRY H. GAGE

v.

ARBA N. WATERMAN.

*Filed at Ottawa May 12, 1887.*

| | |
|---|---|
| 121 | 115 |
| 124 | 345 |
| 121 | 115 |
| 129 | 239 |
| 121 | 115 |
| 137 | 656 |
| 137 | 659 |
| 121 | 115 |
| 141 | 538 |
| 121 | 115 |
| 177 | 122 |
| 178 | 74 |
| 121 | 115 |
| 183 | 547 |
| 121 | 115 |
| 183 | 547 |
| 185 | 57 |
| 121 | 115 |
| 103a | ³430 |

1. TAX TITLE—*service of notice on agent—sufficiency of affidavit.* An affidavit made for a tax deed on a sale of land for taxes, stating the service of a notice of the sale on A by handing the same to B, the legal agent of A, on, etc., and that A was the only person in possession of the property on the date of such service, and that the property was taxed in his name, is insufficient to show a service on A. It does not show that B's agency was such as to make the service on him equivalent to service on A.

2. SAME—*sufficiency of the notice—certainty as to character of tax or assessment.* A notice of a tax sale showing that the property was "taxed or specially assessed for the years 1874 and 1875," failing to show which, whether taxed or specially assessed, is insufficient to authorize the making of a tax deed. There is a difference between a tax and a special assessment, and the notice should state whether it was for a tax or a special assessment, as the case may be.

3. SETTING ASIDE TAX DEED—*upon what terms.* The proper condition to be imposed upon setting aside a tax deed, is to require the complainant to pay the amount paid at the sale, with all subsequently paid taxes and assessments, together with interest thereon at six per cent per annum.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

By the law then in force, the notice was required to be served only on the occupant of the land and the person in whose name it was taxed. It was not required to be served on the owner. Rev. Stat. 1874, chap. 120, sec. 216; *Garrick* v. *Chamberlain*, 97 Ill. 620; *Gage* v. *Bailey*, 102 id. 11; *Frew* v. *Taylor*, 106 id. 159.

The amount appellee was required to pay appellant as a condition of relief, was not sufficient. Public policy demands that the owner shall pay redemption upon land he suffers to be sold for taxes. *Gage* v. *Busse*, 102 Ill. 592.

The legislature has provided that relief should only be granted upon the condition that the penalties upon the sale be paid to the holder of the tax deed. Rev. Stat. 1874, chap. 120, sec. 224.

Mr. JOHN P. WILSON, for the appellee:

While the notice was undoubtedly insufficient, it failing to state that the property was taxed for any year, or specially assessed for any year, but leaves the owner to find out as best he could whether his land had been sold for a tax or a special assessment, there are other objections. It was also insufficient because no mention was made of the fact that the property had been sold for taxes of 1873.

It has been settled by repeated decisions of this court, that the rule of allowing the amount paid at the sale, and also all subsequently paid taxes and assessments, together with interest thereon, is the proper one. *Phelps* v. *Harding*, 87 Ill. 442; *Smith* v. *Hutchinson*, 108 id. 662; *Barnett* v. *Cline*, 60 id. 207.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in this case was filed by Waterman, against Gage, to set aside two tax deeds to the property in controversy. The court below decreed the relief prayed, and the defendant appealed.

One of said tax deeds was issued to Henry H. Gage, the defendant, on January 20, 1876. The affidavit of giving notice of the tax sale, which is relied upon as the evidence of such notice, states the service of a notice of the tax sale on J. Young Scammon, by handing the same to Mr. Bogue, the legal agent for said Scammon, on May 4, 1875; that said Scammon was the only person in possession of the property on the said date, and that the same was taxed in his name. The requirement of the statute is, that the occupant or person in actual possession of the land, and the person in whose

name the same was taxed or specially assessed, shall be served
with the notice. This affidavit is insufficient, as showing
service of notice upon Mr. Scammon. In what matter, to
what extent Mr. Bogue was his legal agent, and how far he
represented him, does not appear. It is by no means mani-
fest that such was his agency as to make the service of notice
upon him equivalent to service of notice upon Scammon.

The other tax deed issued to appellant was dated July 10,
1879, for the taxes of 1874 and 1875, upon a sale made
September 21, 1876. The sale was to H. Coombs, and the
certificate of sale was assigned, by indorsement, to appellant.
Among the reasons for which this tax deed is claimed to be
void, is, that the notice of sale did not state for what year or
years the lot was taxed or specially assessed, as required by
the statute. The statute requires that the purchaser at a tax
sale shall serve a notice of such purchase on every person in
actual possession or occupancy of the land or lot purchased,
and also the person in whose name the same was taxed or
specially assessed, "in which notice he shall state when he
purchased the land or lot, in whose name taxed, the descrip-
tion of the land or lot he has purchased, for what year taxed
or specially assessed, and when the time of redemption will
expire." The statute is express that no purchaser shall be
entitled to a deed until he shall have complied with the above
conditions, and shall, by himself or agent, have made an
affidavit of such compliance, stating particularly the facts
relied on as such compliance. Rev. Stat. 1874, chap. 120,
secs. 216, 217.

The objection taken to the notice served in the case of this
deed is, that the notice fails to state that the property was
taxed for any year, or specially assessed for any year, but
left it for the owner to find out, as best he could, whether his
land had been sold for a tax or for a special assessment. The
statement in the notice, in this respect, as shown by the affi-
davit of service of notice, is, that the property was "taxed or

specially assessed for the years 1874 and 1875," failing to show which was the case—whether taxed or specially assessed. Appellant answers, that the notice was literally in compliance with the statute, in this behalf. We are inclined to think the compliance was too literal. There is a difference between a tax and a special assessment. It might be of consequence to the land owner to know whether his property was sold for a tax or special assessment. This notice did not afford that information. We think it should have done so, and have stated which it was,—a tax or special assessment,—for which the property was sold, and not have rested with saying, merely, that it was "taxed or specially assessed;" that the true construction is, that the notice state "for what year taxed or specially assessed," as the case may be.

It is objected that the amount appellee was required to pay appellant as a condition of relief was not sufficient. Appellee was required to deposit only the amount of the sale, with interest at the rate of six per cent per annum thereon, from the date of the sale, whereas, as appellant contends, appellee should have paid redemption, with interest at six per cent per annum, upon that sum, from the date of the expiration of redemption. It has been held by repeated decisions of this court, that the rule of allowing the amount paid at the sale, and also all subsequently paid taxes and assessments, together with interest thereon, is the proper one. (*Barnett* v. *Cline,* 60 Ill. 207; *Phelps* v. *Harding,* 87 id. 442; *Smith* v. *Hutchinson,* 108 id. 662.) Such was the amount here allowed.

The decree will be affirmed.

*Decree affirmed.*