HENRY H. GAGE

*v.*

GEORGE A. DuPUY et al.

*Filed at Ottawa May 14, 1890.*

1. TAX TITLE—*notice of tax sale—requisites—sufficiency.* A notice of a tax purchase, and of the time when the redemption from the sale would expire, failed to state that the property was taxed for any year or specially assessed for any year. The published notice of the sale did not state whether the lots were sold for taxes for 1875 and 1876, or for a special assessment for these years: *Held,* that the notice was fatally defective, and the tax deeds passed no title.

2. A notice of tax sale, served upon the person in whose name the property was taxed, stated that the lot "was taxed or specially assessed for the years 1875 and 1876, for taxes, as extended on the general tax warrant:" *Held,* that the notice was fatally defective, in failing to show whether the amount for which the lot sold was for a tax or a special assessment.

3. REMOVING CLOUD UPON TITLE—*tax deeds—terms imposed.* On bill to set aside tax titles as clouds upon title, the complainant will not be required to pay to the holder of the tax title one hundred per cent in addition to the amount of the sales.

4. It is error, however, on bill to remove a cloud on title, to set aside the tax deeds of the defendant absolutely, and enter a decree against the complainant for the payment of the taxes paid. The decree should require the amount to be paid to the defendant, and in the event of his refusal to accept it, to an officer of the court, subject to his order, as a condition precedent to the setting aside of the tax deeds.

5. SAME—*champerty—as a defense—by whom to be interposed.* The defendant in a bill to set aside a tax deed as a cloud upon the complainant's title, can not interpose the defense of champerty in the contract by which one of the complainant's acquired his title from another, especially when the contract has been fully executed. It is of no consequence to the defendant whether the suit is prosecuted in the name of one or in the names of all the complainants.

6. SAME—*costs—on bill to remove a cloud.* Where the holder of an invalid tax title refuses to accept a tender of more than he is entitled to receive, and makes it necessary to prosecute a bill to set aside the tax title, it will not be improper to require him to pay all the costs.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

DuPuy is not entitled to any equitable standing in this court, because the contract under which he is conducting this case is champertous, and repugnant to public policy. *Thompson* v. *Reynolds,* 73 Ill. 11.

The tax deed executed by the county clerk to appellant, on April 19, 1882, to lots 21 and 22, is a valid deed, and conveys the title to those lots to appellant. *Taylor* v. *Wright,* 121 Ill. 455.

As a condition of relief, appellee should have been required to pay to appellant not only the amount of the several sales, but one hundred per cent in addition thereto.

Appellee should have been required to pay the costs of the reference of the case to the master.

Appellee received relief without being required to pay to appellant any sum whatever for the several items of taxes extinguished by appellant by purchase or payment. *Farwell* v. *Harding,* 96 Ill. 32; *Moore* v. *Wayman,* 107 id. 192; *Smith* v. *Hutchinson,* 108 id. 662; *Gage* v. *Nichols,* 112 id. 269; *Alexander* v. *Merrick,* 121 id. 606.

Mr. GEORGE M. STEVENS, for the appellees:

The claim of champerty is without a shadow of foundation.

There can be no presumption of the sufficiency of notice by publication, until it is concluded that, when it was made, there was no occupant. *Gage* v. *Bailey,* 100 Ill. 537.

The purchaser is required to set up in his affidavit, particularly, the facts relied on to show notice. Rev. Stat. chap. 120, sec. 217; *Price* v. *England,* 109 Ill. 394; *Wallahan* v. *Ingersoll,* 117 id. 125.

A notice which states that the property was "taxed or specially assessed" is fatally defective. *Gage* v. *Waterman,* 121 Ill. 115; *Stillwell* v. *Brammell,* 124 id. 338.

The money realized from either method is taxes, and the levy of a special assessment is an exercise of the taxing power of the municipality using it. Cooley on Taxation, 606-609; Cooley's Const. Lim. 497; *White* v. *People,* 94 Ill. 604.

Appellee was not required to pay one hundred per cent, and this is sustained by *Gage* v. *Pirtle,* 124 Ill. 502, and *Ames* v. *Sankey,* 128 id. 523.

Appellant was entitled to his money back that he paid at the sale, with all the taxes subsequently paid, and six per cent interest thereon. *Bennett* v. *Cline,* 60 Ill. 207; *Gage* v. *Pirtle,* 124 id. 502; *Phelps* v. *Harding,* 87 id. 442; *Farwell* v. *Hard-*

*ing,* 96 id. 32; *Moore* v. *Wayman,* 107 id. 192; *Peacock* v. *Carnes,* 110 id. 99; *Smith* v. *Hutchinson,* 108 id. 662; *Bell* .v. *Johnson,* 111 id. 347; *Carnes* v. *Peacock,* 114 id. 347; *Ames* v. *Sankey,* 128 id. 523.

The rights of appellants are fully secured if appellee should fail to keep his tender good.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This bill was originally filed by William Baker, against Henry H. Gage, to set aside certain tax deeds as clouds upon Baker's title. Subsequently, George A. DuPuy filed a supplemental bill, alleging that after the filing of the original bill he purchased from Baker an undivided $\frac{29}{30}$ of the property, which was conveyed to him by deed, and thereafter the suit was prosecuted in the joint names of Baker and DuPuy. Answers were filed, putting in issue the allegations of the bill and supplemental bill. On the hearing, the court decreed in favor of the complainants, from which Gage prosecutes this appeal.

The first, second, third and fourth grounds upon which a reversal of the decree below is urged, are, in our opinion, destitute of merit, and demand but brief notice. They are:

*First*—That "George A. DuPuy is not entitled to any equitable standing in this court, because the contract under which he is conducting this case is champertous, and repugnant to public policy." This is not sustained by the proof. (*Fetrow* v. *Merriwether,* 53 Ill. 275.) But if it were, this is not a proceeding for specific performance of a contract alleged to be champertous. The contract between Baker and DuPuy has been fully executed. There is no controversy between them, and whether the suit shall be prosecuted in the name of Baker alone, or in the names of Baker and DuPuy jointly, can not be of the slightest consequence to Gage. It is therefore not admissible that he shall be allowed to interpose the defense of champerty, in a transaction in which he has no interest, in this collateral way. *Torrence* v. *Shedd,* 112 Ill. 466.

*Second*—That "the tax deed executed by the county clerk on April 19, 1882, to lots 21 and 22, is a valid deed, and conveys the title of those lots to appellant." The allegation of the bill in regard to notice of the tax sale, which the decree finds was proved, is, that the only notice of the tax sale that was given was a published notice, and that the notice so published failed to state that the property was taxed for any year or specially assessed for any year; that the published notice did not state whether the lots were sold for taxes for 1875 and 1876, or for a special assessment for said years. In our opinion the decree is sustained by the evidence. But counsel insist that objection is obviated because a sufficient notice was served upon the person in whose name the property was taxed. That notice, however, reads: "Was taxed or specially assessed for the years of 1875 and 1876 for taxes, as extended in the general tax warrant." In a general sense, both money raised by direct taxation and special assessment is taxes. (*White* v. *People*, 94 Ill. 604.) But who can tell from this notice whether the amount for which the property was sold was for a tax or special assessment? Like objection was held fatal in *Gage* v. *Waterman*, 121 Ill. 115, and *Stillwell* v. *Brammell*, 124 id. 338.

*Third*—That "as a condition of relief appellee should have been required to pay to appellant not only the amount of the several sales, but one hundred per cent in addition thereto." We have held to the contrary in *Gage* v. *Pirtle*, 124 Ill. 502, and *Ames* v. *Sankey*, 128 id. 523, and we deem it unnecessary to re-discuss the question.

*Fourth*—That "appellant should not have been required to pay the costs of the reference of that case to the master." The tender was of more than the amount found to be actually due to the appellant. He refused to receive it. The reference was because of that refusal, and the evidence shows that appellant was in the wrong in the refusal. He ought, there-

fore, in justice, to pay the costs which his wrongful conduct occasioned.

The fifth ground of reversal urged by appellant is, in our opinion, meritorious. It is, that "appellees received relief without being required to pay to appellant any sum whatever for the several items of taxes extinguished by appellant as a condition precedent to such relief." The decree, so far as it affects this ground, reads as follows: "That the master has filed his report, and the cause coming on to be heard, it is ordered, adjudged and decreed by the court that the exceptions of the defendant to said report be and the same are hereby overruled, and said report is in all respects approved and confirmed by the court; that the master be paid the sum of $51.75, his fee for taking and reporting the testimony aforesaid, with his conclusions, to be taxed as costs in this case. It is therefore ordered, adjudged and decreed by the court, that said complainants pay to the said defendant, Henry H. Gage, the sum of $868.18; that said tax deeds in said bill of complaint and in the decree, hereinbefore mentioned, be and they are found and decreed to be null and void as against the complainants and all persons claiming under them; that said tax deeds, and each of them, are hereby canceled and set aside as clouds upon the title of the complainants. It is further ordered, that Henry H. Gage, and all persons claiming under him by virtue of said tax deeds, be and they are hereby enjoined from making any further claim or pretense of ownership to said lots, and they are enjoined from exercising or attempting to exercise any acts of ownership in relation to said property. The court further finds, that on March 30, 1889, the complainants tendered to defendant the sum of $875 in payment of the amounts due the defendant, and that said complainants have since kept their tender good, and have been ready and willing, at all times, to pay said amounts so found due the defendant, and are now ready and willing, and offer here in open court, to pay said amount so found due the.

42—137 ILL.

defendant, which the defendant refuses to accept; that the amount of said tender was in excess of the amount which was at that time due on said lots to said defendant. It is therefore ordered by the court, that the said defendant, Henry H. Gage, pay all the costs of the reference to the master, amounting to the sum of $51.75, and that the complainants have execution therefor. It is further ordered, adjudged and decreed, that as to the balance of the costs each party shall pay his own. And thereupon the defendant, Henry H. Gage, in open court, and under protest, paid the said sum of $51.75 to the solicitors for the complainants, and thereupon, the costs being now fully paid, no judgment for costs is entered herein."

While there is here a general direction that appellees pay to appellant $868.18, it is not required to be done as a condition to the relief granted them. The tax deeds are declared to be absolutely null and void, and appellant is left to collect the amount appellees are to pay him as best he may. This was error. The decree should have required the amount to be paid to the appellant, and in the event of his refusal to accept it, to an officer of the court, subject to his order, as a condition precedent to the setting aside of the tax deeds. *Farwell* v. *Harding,* 96 Ill. 32; *Moore* v. *Wayman,* 107 id. 192; *Smith* v. *Hutchinson,* 108 id. 662; *Gage* v. *Nichols,* 112 id. 269; *Alexander* v. *Merrick,* 121 id. 606.

The decree below is reversed, and the cause is remanded to the Superior Court of Cook county, with directions to that court to enter a decree in accordance with the foregoing views.

*Decree reversed.*

Subsequently, after a rehearing had been granted, the following additional opinion was filed:

Mr. Justice Magruder: A rehearing was granted in this case, because we thought that the second ground, upon which a reversal of the decree below was asked, needed further consideration. The point thus reserved for examination has ref-

erence to the validity of the notice of tax sale. That notice announced, that Henry H. Gage "purchased the following described real estate  *  *  *  at a sale of lots and land for taxes and special assessments  *  *  *  towit: Lots 21 and 22 in Block 25 in Ravenswood, taxed or specially assessed for the years 1875 and 1876 for taxes as extended on the general tax warrant of 1876," etc. In our former opinion we held, that this notice did not state definitely whether the land had been sold for a tax or a special assessment, and was, therefore, defective under the rulings in *Gage* v. *Waterman,* 121 Ill. 115, and *Stillwell* v. *Brammell,* 124 id. 338.

After further reflection upon the subject, we are satisfied that the conclusion already arrived at is correct. The position of appellant is that the words, "as extended on the general tax warrant of 1876," could only apply to the general tax, and not to a special assessment, because special assessments are not extended on the general tax warrant. This is undoubtedly true, and the words of the notice are correct in stating that the lots were "taxed for the years 1875 and 1876 for taxes as extended on the general tax warrant of 1876," but they are not correct, if they were intended to also state, that the lots were "specially assessed for the years 1875 and 1876 for taxes as extended on the general tax warrant of 1876." As this language can not qualify, and is wholly inapplicable to, the words "specially assessed," it must be held that the language qualifies and applies to the word, "taxed." But it still remains true, that the notice speaks of the lots as "taxed or specially assessed." The words, "or specially assessed," are in the notice, though the qualifying clause may not correctly state upon what warrant the special assessment is carried out or extended. Because the qualifying clause applies to the word, "taxed," and that only, the words, "or specially assessed," are not thereby eliminated from the notice. It is as though the notice read thus: "taxed for the years 1875 and 1876 for taxes as extended on the general tax warrant of

1876, or specially assessed." It follows that the notice comes within the condemnation of the rule laid down in the *Waterman* and *Stillwell* cases.

We accordingly re-adopt, as the opinion of this Court, the opinion heretofore filed herein on May 14, 1890, and the same judgment there ordered will be again entered, that is to say, the decree below is reversed and the cause is remanded to the Superior Court of Cook County with directions to that Court to enter a decree in accordance with the views expressed in said former opinion.

*Decree affirmed in part and in part reversed.*