## MARY LAUER
### v.
## CAROLINE WEBER.

177    115
113a  ⁵354

*Opinion filed December 21, 1898.*

1. TAX DEEDS—*when affidavit for tax deed is defective.* An affidavit by the holder of a certificate of purchase which states that he had on a certain day, three months before the expiration of the time for redemption, served a notice upon a named person, "who, this deponent is informed and believes, is the owner of the lot described in said notice," etc., is defective in not stating that such person was the owner of the lot at the time notice was served.

2. SAME—*tax deed issued on defective affidavit is invalid.* A tax deed issued on an affidavit which fails to state that the party upon whom notice was served was at such time the owner of the lot described therein is invalid.

3. SAME—*clerk cannot issue new tax deed upon filing of new affidavit.* Where the affidavit upon which a tax deed is issued is so defective as to render the deed invalid, the county clerk cannot make a new deed on the same certificate of purchase upon the filing of a new affidavit in proper form, even though the first tax deed was defective owing to the clerk's omission to state the year for which the delinquent tax was levied.

4. APPEALS AND ERRORS—*objections to rulings on evidence must be made below.* Error cannot be assigned on the trial court's rulings on evidence if no objection to such rulings was made below.

5. EVIDENCE—*what immaterial on bill to set aside a tax deed.* Upon setting aside a tax deed the complainant is required to re-pay the amount paid at the sale, together with subsequent taxes and interest; and evidence as to who paid the taxes prior to the year for which the property was sold is properly denied admission.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

This is a bill originally filed on February 27, 1896, by the defendant in error, Caroline Weber, against the plaintiff in error, Mary Lauer, to set aside a tax deed and a quit-claim deed based thereon, as clouds upon the title of the defendant in error. The original bill alleges, that the defendant in error is the owner of a certain lot in Sheffield's addition to Chicago; that the same was sold

by the county clerk of Cook county on October 5, 1893, for the general taxes of 1892, and purchased at such tax sale by Daniel J. Hubbard; that a tax deed, dated January 30, 1896, and recorded on February 9, 1896, was executed to said Hubbard; that, by quit-claim deed dated February 13, 1896, and recorded February 16, 1896, said premises were conveyed by said Hubbard to the plaintiff in error, Mary Lauer. The bill further alleges, that said tax sale and tax deed were void by reason of certain defects in the affidavits, upon which the tax deed was issued, and which were filed with the county clerk. The bill still further alleges, that, on February 27, 1896, defendant in error tendered to the plaintiff in error a sum of money, sufficient to cover all reasonable costs for the payment of said taxes, and demanded of her that she execute a quit-claim deed to defendant in error; that plaintiff in error refused to comply with such request; and, in the bill, ·defendant in error offers to pay to plaintiff in error the amount of the taxes, for which the premises were sold, and the amounts of all the payments of taxes subsequently made under said tax sale, or tax deed, or quit-claim, with interest at six per cent from the date of the sale. The bill prays, that the tax deed to Hubbard, and the deed of Hubbard to plaintiff in error, may be set aside, and declared void, as clouds upon the title of defendant in error; and that the same may be decreed to be delivered up and canceled.

Demurrer was filed to the bill and overruled, and leave was given to the plaintiff in error, Mary Lauer, to answer. Plaintiff in error filed an answer, denying the material allegations of the bill as herein set forth. The answer further states, that Hubbard, on May 7, 1896, more than two, and less than three, years after the said sale, filed with the county clerk of Cook county, certain new and additional affidavits, with the tax notice thereto attached, which are appended to the answer; that, upon delivery to the county clerk of said new affidavits and notice, the

county clerk executed and delivered to Hubbard on May 7, 1896, a tax deed, conveying said premises to him for the non-payment of the taxes of the year 1892; which deed was recorded on May 13, 1896; that, on May 7, 1896, Hubbard by quit-claim deed of that date recorded on May 13, 1896, conveyed said premises to Mary Lauer, the plaintiff in error.

Subsequently, on June 13, 1896, the defendant in error filed a supplemental bill, making Hubbard a party defendant. Default was entered against Hubbard. Mary Lauer filed an answer to the supplemental bill. Thereafter, defendant in error filed an amended supplemental bill, reciting the matter of the original bill and answer thereto, and also, by way of supplement, alleging that, after the filing of the original bill, Hubbard filed with the county clerk certain affidavits, and that, upon the filing of said affidavits with said clerk, the original tax deed issued to Hubbard was surrendered to said clerk, and the latter made to said Hubbard a new tax deed; that, thereupon on May 7, 1896, Hubbard executed a new quit-claim deed to said Mary Lauer. It is alleged, that such filing of additional affidavits and execution of a new tax deed and a new quit-claim deed were illegal acts, and that the second tax deed is void. The amended supplemental bill prays, that the judgment for taxes against said lot and the proceedings thereon and the tax deeds to Hubbard and the quit-claim deeds to Mary Lauer may be set aside, and delivered up, and canceled, as clouds upon the title of the defendant in error.

The plaintiff in error, Mary Lauer, filed an answer to the amended supplemental bill, admitting the filing of the additional affidavits with the county clerk as above set forth, and the surrender of the first tax deed to the clerk, and the execution of a new tax deed to Hubbard, and of a quit-claim deed by Hubbard to plaintiff in error, on May 7, 1896. The plaintiff in error claims title under such additional proceedings.

On September 27, 1897, the court below entered a decree, finding defendant in error to be the owner of the premises in question; that said tax deeds and affidavits and quit-claim deed were void and clouds upon the title of the defendant in error, and that the same should be removed. The decree adjudged in accordance with the findings, and ordered that such deeds be canceled and set aside upon the defendant in error paying to the plaintiff in error the amount of the tax sale, and all payments of taxes made under the tax sale and judgment respectively from their dates to the date of the decree.

The present writ of error is prosecuted from such decree of the superior court of Cook county.

ERNST F. HERRMANN, and J. KENT GREEN, for plaintiff in error.

J. H. FRENDENTHAL, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Section 216 of the Revenue act provides, that the purchaser at a tax sale, or his assignee, shall comply with certain conditions therein specified, before he shall be entitled to a deed of the land purchased at such tax sale. Section 217 of the act provides, that every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of section 216, stating particularly the facts relied on as such compliance, and shall deliver such affidavit to the person authorized by law to execute the tax deed. (3 Starr & Cur. Stat. pp. 3487, 3490). In this case, the original affidavits were filed, and the original tax deed was issued, in January, 1896. Hubbard, to whom the tax deed was issued, executed a quit-claim deed of the premises to the plaintiff in error on February 13, 1896. The original bill herein was filed on February 27, 1896. After the original bill was filed, the original

tax deed, issued to Hubbard and dated January 30, 1896, was surrendered to the county clerk, and additional affidavits were filed, and a subsequent tax deed was issued to Hubbard, on May 7, 1896.

The main question presented by the record is, whether a purchaser at a tax sale, having filed affidavits under section 217 with the county clerk, and having procured the issuance of a tax deed to himself, can thereafter surrender such tax deed, and file additional affidavits, as additional evidence of his compliance with the law, and thereafter have a subsequent tax deed issued to him.

The bill alleges, that the original affidavits, filed with the county clerk on January 30, 1896, were defective in certain particulars. It is unnecessary to consider all the objections made to such affidavits. It is sufficient to notice one, which we regard as well founded. That objection has reference to an affidavit made by C. J. Marhoeffer, which was sworn to on January 27, 1896. In such affidavit, Marhoeffer swears, that he is the agent of Daniel J. Hubbard; that, as such agent, he, on the first day of July, 1895, being at least three months before the expiration of the time of redemption on the sale mentioned in the notice thereto annexed, served a notice, of which the annexed notice is alleged to be a true copy, on Caroline Weber, "who, this deponent is informed and believes, is the owner of the lot described in said notice, by handing the same to and leaving same with her, at Chicago in said county."

The affidavit, from which the above quotation is made, was clearly defective. It alleges, that Caroline Weber is the owner of the lot described in the notice, that is to say, that she is such owner at the time the affidavit was made, which was on January 27, 1896. This is not sufficient. The affidavit should have stated, that Caroline Weber was the owner of the lot at the time when the notice was served upon her. In *Gonzalia* v. *Bartelsman*, 143 Ill. 634, we said (p. 639): "The legislature has provided

in section 216 of the Revenue act, that the notice therein described shall be served on 'the owners of, or parties interested, in said land or lot, if they can, upon diligent inquiry, be found in the county,' etc. The owners, or parties interested, here referred to, are those, who are such at the time the notice is served or published."

In view of the defect thus indicated in the affidavit, the original tax deed issued by the county clerk to Hubbard on January 30, 1896, was invalid. To remedy this defect, Hubbard, on May 7, 1896, filed another affidavit, made by Marhoeffer and sworn to by him on April 24, 1896, in which latter affidavit it was stated that Marhoeffer, as agent of Hubbard, on the first day of July, 1895, "being at least three months before the expiration of the time of redemption on the sale mentioned in the annexed notice, served the notice of which the annexed notice is a true copy, on Caroline Weber, who was at the time of the serving of said notice, the sole owner of, the only person in the actual possession or occupancy of, and the only person having any interest in the land or lot described in said notice, by handing the same to and leaving the same with her at Chicago, in said county."

We are of the opinion, that the defect in the original affidavit and the void character of the tax deed, based thereon, were not, and could not be, cured by the subsequent filing of such additional affidavit and the issuance of a new tax deed based thereon. This question was expressly decided in *Klokke* v. *Stanley*, 109 Ill. 192. In the latter case, we held that a county clerk, who has once executed a tax deed at the instance of the holder of the certificate of purchase at a tax sale upon evidence then furnished by such holder, cannot be subsequently compelled by *mandamus* to execute to the same party another tax deed under the same certificate of purchase, the holder thereof having filed with the clerk additional and more perfect evidence of his having complied with the law in respect to giving notice, etc., after the execution

of the first deed. The reasons for such holding are fully set forth in that case, and need not here be repeated. If the county clerk could not be compelled by *mandamus* to receive such additional affidavits and to execute a new tax deed based thereon, then he may not be permitted to do so voluntarily. (*Maxcy* v. *Clabaugh*, 1 Gilm. 26).

It is true that here the original tax deed issued by the county clerk was defective, because there was no statement in it of the year, for which the delinquent tax was levied. In *Maxcy* v. *Clabaugh, supra*, a deed to the purchaser of land sold for taxes was held to be invalid on account of such omission. The mistake in the tax deed there, and in the first tax deed issued here, was the mistake of the county clerk himself. The county clerk may be compelled by *mandamus* to correct a mistake of this kind, where it is his own fault that such mistake was made. Here, however, the mistake in the statement of the affidavit was that of the party applying for the deed, "and relates to proof which it was his duty to furnish the clerk, and which he assumed to furnish to the clerk before he applied for his deed." In case of a mistake so made by the party applying for a deed, *mandamus* will not lie. (*Klokke* v. *Stanley, supra*).

In *Klokke* v. *Stanley, supra*, a new affidavit was filed with the county clerk to procure another tax deed, upon the ground that the first affidavit had omitted to state, that a notice had been served upon the party in possession of the premises. In the case at bar, one of the affidavits, originally filed by Marhoeffer, states that Mary Lauer was the only person in actual possession of the premises here involved, while the additional affidavit of Marhoeffer alleged that Caroline Weber was the only person in the actual possession of the premises in controversy. As these affidavits contain contradictory statements upon the subject, the reader of the same would be at a loss to know, who was the actual occupant of the premises in question.

Our conclusion upon this branch of the case is, that the court below decided correctly in holding that both the original tax deed and the tax deed subsequently issued were void, and were clouds upon the title of the defendant in error.

Plaintiff in error complains, that the court below erred in admitting evidence of the tender, made by the defendant in error to the plaintiff in error, of the amount, to which the latter was entitled for her reasonable costs for the payment of the taxes. Whether the evidence upon this subject was or was not improperly admitted by the court is a question, which cannot be raised upon this record, because no objection was made by counsel for plaintiff in error to the introduction of such evidence on the trial in the court below. A party must object to evidence offered, so as to afford the trial court an opportunity of passing upon the objection, before he can assign for error the admission of such evidence. (*Powell* v. *McCord,* 121 Ill. 330).

Plaintiff in error further assigns as error, that the court below refused to allow a witness to testify as to the payment of the taxes on the premises in question prior to the year 1892, the taxes for that year being the taxes for the non-payment of which the premises were sold.

The proper condition to be imposed upon the setting aside of a tax deed is to require the complainant to pay the amount paid at the sale with all subsequently paid taxes and assessments, together with interest thereon, etc. (*Gage* v. *Waterman,* 121 Ill. 115; *Barnett* v. *Cline,* 60 id. 205; *Phelps* v. *Harding,* 87 id. 442; *Farwell* v. *Harding,* 96 id. 32; *Moore* v. *Wayman,* 107 id. 192). It was, therefore, immaterial, who paid the taxes prior to the sale. This being so, there was no error in excluding proof as to the payment of such prior taxes.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*