GEORGE A. BELL *et al.* Appellees, *vs.* ELIZA J. BELL, *et al.*—
(JACOB GLOS *et al.* Appellants.)

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. COSTS—*determination of title is not merely incidental to a partition suit.* The rule that costs cannot be awarded against the owner of a tax title where the removal of the cloud is only incidental to the relief sought does not apply to a partition suit, where the determination of titles is not merely incidental.

2. SAME—*provision of the Partition act for apportioning costs construed.* The provision of the Partition act for apportioning costs and solicitors' fees among the parties in interest, where the rights of all parties are properly set forth, does not refer to contests between the real owners and one having no interest but claiming an interest which constitutes a cloud upon the title and which must be removed, and does not require the owners to pay the costs made by an unsuccessful assailant of the title.

3. SAME—*when cost of reference to the master is properly adjudged against the holder of tax titles.* Where the only issue in a partition suit requiring a reference to the master is as to the validity of tax deeds and the amount in which the holder is entitled to be reimbursed, it is proper, upon holding the tax deeds to be invalid and as constituting clouds, to adjudge the costs of the reference to the holder of such deeds, provided a sufficient tender was made and refused before order of reference was made.

APPEAL from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

CHARLES L. BARTLETT, SHERMAN C. SPITZER, and M. PAUL NOYES, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George A. Bell filed his bill in the superior court of Cook county against Eliza J. Bell, Jacob Glos, Emma J. Glos, August A. Timke, and others, alleging that he and

Eliza J. Bell were the owners in fee simple, as tenants in common and in possession, of a large number of lots described in the bill, in Bell's re-subdivision of Stephan's addition to Park Ridge; that tax sales of said lots had been made from time to time to Jacob Glos, in pursuance of which fifty tax deeds had been executed, and that the tax deeds were void for reasons stated in twenty-one separate paragraphs of the bill. The complainant prayed that the tax deeds be removed and set aside as clouds upon the title and that the lots be partitioned between the owners, offering to reimburse the holders of the tax deeds. Eliza J. Bell by her answer admitted the allegations of the bill and joined in its prayer. Jacob Glos, Emma J. Glos and August A. Timke answered separately, denying, in general terms, the ownership of the premises as alleged in the bill and all other material allegations. The complainant paid into court $600 for reimbursement of the holders of the tax deeds and $3 for the use of each of the defendants above named on account of their costs. The tender was refused, and the issue, under the pleadings, was referred to a master. The master reported that the tax deeds were void; that the total amount to which Jacob Glos was entitled for reimbursement was $592.59, which he was entitled to receive from the clerk; that Jacob Glos, Emma J. Glos and August A. Timke were each entitled to receive from the clerk the sum of $3 tendered as costs, and that the balance ($7.41) should be returned to the complainant. The court fixed the master's fees upon the reference at $220 and decreed that Jacob Glos should pay the same. From that decree Jacob Glos, Emma J. Glos and August A. Timke appealed to this court.

The only claim made in the argument for appellants is that the court erred in awarding the costs on the reference against Jacob Glos, and one ground for the claim is, that costs cannot be awarded against the owner of a tax title

where the removal of a cloud is only incidental to the relief sought. The determination of titles is not merely incidental to a partition suit.

Counsel for appellants also calls attention to the provision of the Partition act for an apportionment of costs and solicitor's fees among the parties in interest where the rights and interests of all parties are properly set forth in the petition or bill, and says that no costs could be taxed against Jacob Glos because, his tax deed being worthless, he had no interest in the premises. That statute has no reference to contests between the owners of real estate and one having no interest in it but claiming an interest which constitutes a cloud upon the title, which must be removed. It does not require the payment of costs made by an unsuccessful assailant of the title.

The bill alleged that the complainant was the owner of an undivided one-third interest in the lots and that Eliza J. Bell owned the other undivided two-thirds. Eliza J. Bell admitted the allegations of the bill and joined in the prayer for the removal of the clouds and for partition. There was no issue to be referred to the master or heard by the court except as to the validity of the tax deeds or the amount in which the holders were entitled to be reimbursed. The issue as between the complainant and the appellants was simply whether the clouds should be removed and upon what terms as to reimbursement, and inasmuch as a sufficient tender was made and refused, the costs made necessary by the refusal were properly adjudged against Glos. *Gage* v. *DuPuy,* 137 Ill. 652; *Glos* v. *Stern,* 213 id. 325; *Glos* v. *Ambler,* 218 id. 269; *Glos* v. *Garrett,* 219 id. 208.

The decree is affirmed.                    *Decree affirmed.*