(No. 14079.—Reversed and remanded.)
M. HENRY CAIN, JR. Appellant, *vs.* PAUL K. BARSALOUX
*et al.* Appellees.

*Opinion filed October 22, 1921.*

1. MORTGAGES—*party taking deed expressly subject to incumbrances is charged with knowledge thereof.* Where a deed is made subject to incumbrances the grantee is charged with knowledge of the incumbrances and of his obligations with respect to the payment of the interest and principal of the indebtedness.

2. SAME—*non-resident's ignorance of practice in Illinois does not excuse failure to protect equitable interest in property.* The fact that a non-resident is unfamiliar with legal process and proceedings in Illinois does not excuse his failure to protect his equity in property in Illinois.

3. PLEADING—*when demurrer admits allegations of an affidavit of non-residence.* Where a bill to redeem from a foreclosure sale alleges that an affidavit of non-residence upon which a default order was entered against the complainant contained misrepresentations as to his residence, a general demurrer to the bill admits the misrepresentations in the affidavit and amounts to an admission of fraud in obtaining jurisdiction in the foreclosure proceeding.

4. SAME—*bill not subject to demurrer because cause of action is not perfectly stated.* If sufficient ground is stated in a bill for equitable relief a general demurrer should be overruled, however imperfect the manner of the statement of the cause of action may be.

5. EQUITY—*when tender is good although conditional upon the granting of relief prayed for in bill.* A tender may be coupled with such conditions as the party making it has the right to impose, and in a bill to set aside a quit-claim deed a tender of the sum received by the complainant for the deed is good where the only condition imposed is that the relief prayed for in the bill shall be granted.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JAMES BOOTH MCCLANE, for appellant.

WILLIAM A. JENNINGS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The bill in this case was filed by appellant on January 25, 1921, in the superior court of Cook county, praying that a quit-claim deed from appellant to Paul K. Barsaloux be set aside, that an accounting be had and appellant allowed to redeem the premises mentioned in the deed from a master's sale had under certain foreclosure proceedings. A demurrer was filed to the bill, which was sustained by the trial court and an order entered dismissing the bill for want of equity, and this appeal has been prayed to review the proceedings.

Appellant became the owner of a lot and the improvements thereon at 1535-1537 East Sixty-first street, in Chicago, in 1917. The premises at that time appear to have been encumbered by two trust deeds. Appellant entered the United States military service April 26, 1918, and remained in that service until his honorable discharge, June 25, 1919. During that time foreclosure proceedings were instituted by Harry Phillips to foreclose the second trust deed on the premises. From the allegations of the bill in this case Phillips appears to have died, and his executor, the State Bank of Chicago, was substituted as complainant, and thereafter, by an amendment to the bill for foreclosure, Paul K. Barsaloux was named as complainant and the proceedings were prosecuted in his name. The bill in this case represents that an affidavit of non-residence as to appellant was filed in the course of the foreclosure proceedings and that James G. Barsaloux was appointed receiver, and on November 25, 1919, a default order was entered, in which it was declared that "Henry N. Cain" was in default after service of process, and that a decree of foreclosure was entered for the sum of $6085.09, which included $400 as solicitor's fees, in default of payment of which said premises were decreed to be sold, and that they were sold on December 17, 1919, to Paul K. Barsaloux for $3500.

August 28, 1920, appellant gave a quit-claim deed of his interest in the premises to Barsaloux, and subsequently a new trust deed was given by Barsaloux to the Chicago Trust Company, which was made a party to this proceeding.

The bill alleges that no notice, either personal or by publication, was ever served upon appellant; that appellant had no knowledge of the proceedings to foreclose the trust deed until he was so informed by James G. Barsaloux, who told him that the first trust deed had been foreclosed for the sum of $15,000 and that appellant would be liable for a large deficiency, and that the property was being run at a loss by him as receiver. The bill further alleges that both the receiver, James G. Barsaloux, and appellee Paul K. Barsaloux, knew the correct address of appellant, and that the same was Indianapolis, Indiana, and not Gary, Indiana, as stated in the affidavit of non-residence, upon which the jurisdiction over appellant was supposed to be based. The bill further alleges that the second trust deed on the property was the one which was the subject of the foreclosure proceedings and that the first trust deed had not been foreclosed, and that the statement of James G. Barsaloux to appellant that the first trust deed had been foreclosed was false; that thereafter the solicitor representing Paul K. Barsaloux in the foreclosure proceedings offered to pay appellant something for a release of his interest in the property, and as the result of this information and a talk with the solicitor, $900 was paid by the solicitor for Paul K. Barsaloux to appellant and a quit-claim deed was executed by him of his interest in the property and the deed thereafter recorded; that appellant executed this quit-claim deed in reliance upon the truthfulness of James G. Barsaloux's statements regarding the supposed foreclosure of the first trust deed and appellant's liability for a large deficiency thereunder; that as a matter of fact the premises were reasonably worth $35,000; that $1000 had been paid on the first trust deed. The bill asks for an accounting as to the

moneys received and paid out by the receiver and offers to re-pay the $900 given to him for executing the quit-claim deed for his interest in the property.

It is evident that even though the decree and sale in the original foreclosure proceedings were set aside, if the quit-claim deed is valid it would convey whatever interest or equity of redemption appellant might have in the premises, and therefore it would be of no avail for him to attack the foreclosure proceedings alone, but under the averments of this bill, admitted as true for the purposes of this case by the demurrer, the quit-claim deed was given as a result of fraudulent representations made to the appellant by Paul K. Barsaloux and others for him, and therefore might, if the testimony taken in the trial court should warrant, be set aside by that court. In that case the question as to the affidavit of non-residence, and other matters set out in the bill as nullifying the decree and sale in the foreclosure proceedings would become important.

When the deed was delivered conveying the premises in question to appellant he was charged with knowledge of the encumbrances if the deed was made subject to them. Appellant well knew that he would have to pay the interest on the notes secured by the trust deeds and that the principal thereof would have to be paid when due, but he insists here in his bill that he was misled by the statements made by Barsaloux when he (the appellant) returned from military service, and being a resident of another State he was unfamiliar with legal process and proceedings in this State. Of course, his lack of knowledge of court procedure here would be no legal excuse for his failure to protect his interests in the property in which he had an equity. The bill charges that the claimant, Paul K. Barsaloux, knew that appellant's residence was Indianapolis, and not Gary, Indiana, as given in the affidavit of non-residence. While the original bill was filed in the foreclosure proceedings by Phillips and Paul K. Barsaloux was afterwards made party

complainant, the bill in this proceeding does not clearly set out the time when the affidavit as to the non-residence of appellant was filed in the original foreclosure proceedings. The bill here is somewhat loosely drawn, but, fairly construed, we think it must be held that it charges that the affidavit of non-residence was made by Paul K. Barsaloux, or some one for him, after he became complainant; that both he and the receiver, James G. Barsaloux, knew that the residence of appellant was Indianapolis, and that the affidavit of non-residence, upon which the order of default was based, fixes his residence at Gary instead of Indianapolis. The general demurrer to the bill, which was sustained, admits the misrepresentation by the affidavit as to the place where appellant resided and amounts to an admission of fraud, according to the legal effect of a demurrer, in obtaining jurisdiction of appellant. While the bill is not very accurately drawn in this case, we think it sets up sufficient ground for equitable relief for appellant as to the lack of notice of service by publication upon him. If sufficient ground is stated in a bill for equitable relief, a demurrer to it should be overruled, however imperfect the manner of the statement of the cause of action may be. 21 Corpus Juris, 440; *Wormley* v. *Wormley,* 207 Ill. 411; *Cohen* v. *Segal,* 253 id. 34; *Seymour* v. *Woodstock Traction Co.* 281 id. 84.

The ground of the special demurrer filed in the trial court in this case was that the offer to return the $900 was upon a condition, and the argument is that the tender, to be valid, must be for a specific amount and made without condition. There is no question as to the manner of making the tender or keeping it good, and appellees do not contend that the amount of $900 is not the proper amount nor raise the question of interest. The only condition attached to the tender was that the relief prayed for in the bill should be granted. We do not think the offer to return the $900 upon the granting of the relief was a condi-

tional offer which in any sense restricted the tender. It was nothing more than is usually contemplated in any case where affirmative relief is asked in equity. Where one is not defending against a claim but is seeking affirmative relief, to which, as a condition precedent, it is essential that he tender an amount due, the payment of the money into court does not transfer the title to the other party but it remains in the one making the tender, subject to the final outcome of the suit. (26 R. C. L. 658.) It is sufficient for the one filing a bill, to offer by the bill to bring in his money whenever the claim is liquidated and he has a decree for performance. (26 R. C. L. 660; *Clark* v. *Weis,* 87 Ill. 438.) It was held in *Monahan* v. *Moore,* 77 Am. Dec. (Mich.) 468, that a tender made to secure possession of property cannot be called conditional because it is accompanied with a demand for the property, and authorities in a note to the last cited case, on page 477, hold that the tender may be coupled with such conditions as the party making it has the right to impose, such as that he shall receive what the payment or a tender legally made would entitle him to. See, also, to the same effect, *Johnson* v. *Cranage,* 45 Mich. 14; *Loughborough* v. *McNevin,* 74 Cal. 250; *Cass* v. *Higenbotam,* 100 N. Y. 248; *Halpin* v. *Phenix Ins. Co.* 118 id. 165.

We do not consider the reasoning of this court in *Dunbar* v. *Springer,* 256 Ill. 53, as controlling on this point. There the tender contained a condition requiring a correction in a declaration of trust before the tender should be effective. Our attention has been called to no decision in this State, and we are aware of none, that in any way conflicts with the authorities heretofore cited from other jurisdictions, that a tender may be coupled with such conditions as the party making it has the right to impose; that such a tender is not conditional in the sense that term is usually used in the law. We think the tender made in this case complied with this rule.

Other questions are raised in the briefs which need not be discussed in view of the conclusion we have reached that it must be assumed from the allegations of the bill, admitted by the demurrer, that the obtaining of the quit-claim deed and the service by publication in the original foreclosure proceedings were fraudulent as to appellant.

· The decree of the trial court will be reversed and the cause remanded, with directions to permit appellees to answer appellant's bill of complaint herein if they so desire, and for such further proceedings as to justice and right may appertain.

*Reversed and remanded, with directions.*