THE CHICAGO TITLE AND TRUST COMPANY *et al.* Appellees, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

1. TAX DEEDS—*what does not make tender invalid as being conditional.* It is proper to accompany a tender with words explanatory of the transaction where the tender does not contain a condition to which the creditor has a right to object, and parties making a tender to tax title holders may state that the amount is tendered as reimbursement for the expenditures in procuring the tax deeds.

2. SAME—*trustee in trust deed may make tender to tax title holder.* A trust company as trustee in a trust deed conveying all the lots involved as security for purchase money notes is entitled to make a tender of the amount necessary to secure a cancellation of void tax deeds, notwithstanding other persons are interested in the lots as owners of the notes or as owners of the legal title to a portion of them, subject to the trust deed; nor is the tender invalid because made jointly by persons whose interests are several or jointly with a person who had no right to make tender.

3. SAME—*when defendants are properly charged with costs in setting aside tax deeds.* Defendants who have no defense to a suit to set aside void tax deeds and who have, without sufficient reason, refused a tender of the amount due them as expenses in procuring the tax deeds, may be charged with costs of the litigation to set aside the tax deeds as clouding the complainants' title.

4. SAME—*when excess of sum deposited to reimburse tax title holders may be returned to complainants.* Although complainants have tendered tax title holders a certain sum as reimbursement for expenses in procuring tax deeds and upon refusal to accept the same have deposited the sum with the court, the court, in a proceeding to set aside the tax deeds as clouding the complainants'

title, may direct the clerk to return to the complainants the amount deposited in excess of the amount found due, as the relation of debtor and creditor does not exist between the owner of land and the holder of a tax deed and the making of the tender does not admit liability in any particular amount.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JOHN R. O'CONNOR, ALBEN F. BATES, WALTER A. GLOS, and STEPHEN D. MONAHAN, for appellants.

HARRY S. MECARTNEY, (JAMES J. KILGALLON, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

August 15, 1923, the Chicago Title and Trust Company, as trustee in a certain trust deed given by Arthur P. Feigen to secure two promissory notes made by him, and Annie L. Gartside, claiming to be the owner of said notes, filed their bill of complaint in the superior court of Cook county against Jacob Glos and others to remove as clouds upon the title to forty-eight lots in the city of Chicago certain tax deeds issued to Glos. Later a supplemental bill was filed adding as parties complainant other persons interested in some of the lots. The complainants alleged that they were the owners of the lots in question and were in actual possession of them and that the tax deeds were void for several reasons set forth. The defendants filed their several answers, denying the allegations of the bill and demanding strict proof thereof. March 8, 1924, the complainants tendered to the defendants the costs incurred by them to that date and the additional sum of $1150 "as reimbursement in full for the setting aside of the tax deeds issued to Jacob Glos." The sums tendered were refused by the defendants and the court ordered the money to be deposited with the clerk. The cause was referred to a master in

chancery, who took the proof and reported findings substantially in accordance with the allegations of the bill. Exceptions to the report were overruled and a decree was entered declaring the tax deeds null and void and removing them as clouds upon the title in accordance with the prayer of the bill, and directing the clerk to pay out of the money on deposit with him three dollars to each of the defendants on account of their costs and $909.77 to the holders of the tax deeds as reimbursement for the amount expended in procuring them, and to return the balance ($240.23) to complainants. Costs were taxed against the defendants in the sum of $327.30. From this decree the defendants, Jacob Glos, Emma J. Glos, Albert H. Glos, Walter A. Glos, Clara G. Bates and Mabelle L. Glos, have severally appealed.

No objection is made to that part of the decree declaring the tax deeds null and void and removing them as clouds upon the title to the lots in question. The errors relied upon for reversal are, (1) the tender made was insufficient to justify taxing costs against the defendants or any of them; and (2) the whole sum deposited with the clerk should have been held to be the funds of the defendants.

The defendants argue that the tender was insufficient for the reason that it was conditional upon the setting aside of the tax deeds issued to Jacob Glos, that it was made jointly by parties whose interests were several, and that one of the parties making the joint tender was not entitled to make a tender. These objections are without merit. The complainants had a right to a cancellation of the tax deeds if the tender of the amount expended in procuring the tax deeds was accepted by the holder thereof, and the fact that they stated in their tender that the amount was tendered as reimbursement for these expenditures did not invalidate the tender. It is proper to accompany a tender with words explanatory of the transaction where the tender does not contain a condition to which the creditor has a right to object. (*Cain* v. *Barsaloux,* 299 Ill.

371; *Glos* v. *Dyche,* 214 id. 417.)    The Chicago Title and
Trust Company, one of the parties making the tender, as
trustee in a trust deed conveying all of the lots involved
as security for purchase money notes, was interested in
protecting the security and therefore entitled to make a
tender of the amount necessary to secure a cancellation of
the void tax deeds.    The fact that other persons were in-
terested in the lots as owners of the notes or as owners
of the legal title to a portion of them, subject to the trust
deed, did not prejudice the defendants.    Equity looks to
the substance rather than the form.    The defendants could
not under any circumstances recover more than the amount
necessary to reimburse them for the amounts properly paid
out by them in procuring the tax deeds, and, since an
amount greater than the amount found to be due them was
tendered to them by one of the parties in interest, they
were in no manner prejudiced by the form of the tender,
nor by the fact that the tender was made jointly by persons
whose interests were several, or jointly with a person who
did not have the right to make the tender.    The defendants
had no defense to the suit to cancel the tax deeds, and they
were offered the money due them before any of the costs
involved in this appeal had accrued.    All of the costs which
have been taxed against them were caused by their conduct
in prolonging litigation without a meritorious defense, and
they are properly charged against them.    *Gage* v. *DuPuy,*
137 Ill. 652; *Glos* v. *Ambler,* 218 id. 269; *Phillips* v. *Glos,*
282 id. 224.

The contention that the court erred in permitting the
complainants to withdraw $240.23 from the sum deposited
is without merit.    This is a proceeding in equity, and the
purpose of tendering the amount properly expended by the
owner of the tax deed in procuring it is to do equity.    The
relation of debtor and creditor does not exist between the
owner of the land and the holder of the tax deed, and so
the making of the tender does not admit liability in any

particular amount. In this character of case title to the money deposited does not pass to the party to whom the tender was made. If such were the rule and the party paying the money into court failed in his suit, he would not only lose his land which he has sought to have freed from the effect of the tax deed, but he would also lose the money which he paid into court for the purpose of clearing the title to his land. The court properly directed the clerk to return to the complainants the amount of money deposited in excess of the amount found to be due the defendants. *Glos* v. *Goodrich,* 175 Ill. 20.

The decree of the superior court is affirmed.

*Decree affirmed.*