## JAMES BARNETT

### *v.*

## GEORGE T. CLINE.

1. BILL IN EQUITY—*cloud on title.* A party in possession may maintain a bill to cancel an invalid tax title and certificate of purchase as a cloud on his title.

2. EQUITY—*terms imposed.* In such a case the court will require the complainant to pay the purchase money at the tax sale, and all taxes subsequently paid on the land with six per cent interest, as conditions to granting the relief sought.

3. It is error, on granting relief in such a case, to require the holder of the tax title to release his title to complainant. The court, in such a case, should simply restrain the holder of such title, his heirs and assigns, from ever asserting the same.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. THOMAS S. MCCLELLAND, for the appellant.

Mr. GEORGE G. BELLOWS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The bill in this case was filed to remove a cloud on appellant's title to certain city lots. It charges that appellee had purchased the property at three several sales for taxes, upon the two latter of which he had received a tax deed, but on the first only a certificate of purchase.

The bill charges the sales and the title derived thereunder to have been irregular and void, and states grounds in support of the allegation, which, if true, would render them worthless as title, and that the lots have been redeemed from the tax sales.

No answer was filed, and the bill was taken as confessed. The court below thereupon rendered a decree granting the relief sought, and ordered appellee to convey the title he claimed under these tax sales to appellant by deed of release, and upon his failing to do so, that the master execute the release, which he did. After this decree was rendered, appellee came in and filed affidavits that there had not been a sufficient sum of money paid to the county clerk to effect a redemption from the sale first made for State and county taxes, and thereupon the court referred that question to the master to hear evidence and report to the court.

After a hearing, the master reported that appellee had, after purchasing the lot, in 1854, for State and county taxes, paid city taxes six years, and the sum thus paid was $56.47. He also reported that the law did not require appellant to pay

these taxes to redeem; that the first sale for delinquent city taxes was in 1865, and that only taxes subsequently paid, and not those paid prior to the sale, should be paid to redeem; that, although the city taxes were paid after the sale of 1854, appellant was not bound to refund those taxes in order to redeem, but he recommended that the complainant be required to pay defendant the $56.47, with interest either at six or ten per cent. The court approved the master's report, and rendered a decree for that sum with ten per cent interest, which amounted in the aggregate to $118.96, and it is to reverse this latter decree that complainant brings the record to this court on appeal.

Upon a careful examination of the record, we are of opinion that there was not a sufficient sum paid to the county clerk to effect a legal redemption. But as appellant had the right to have these sales and deeds removed as a cloud upon his title, we shall not determine what sum should have been paid the clerk to redeem.

In the case of *Reed* v. *Tyler*, 56 Ill. 288, it was held that, a bill might be maintained, by a party in possession, against the holder of a void tax title, and have it declared void and cancelled. But in such a case, equity will not exercise its discretion in affording the relief except upon condition of the refunding of all moneys paid by the purchaser and his assigns to extinguish taxes accruing on the land, after the purchase. As a party has the legal right to redeem, if he fails to do so, when he applies to a court for equitable relief he must do equity. And it is eminently just that he should refund all taxes paid upon his land by the holder of the tax title, with interest. But as regards the rate of interest required to be paid on the taxes thus paid, a court of equity seldom requires, in the absence of a contract to the contrary, a greater rate than six per cent, or the rate fixed by the statute, when money is required to be refunded. That is the rate which should have been allowed by the court in decreeing the repayment of the taxes and interest. It then follows that the court erred in allowing ten per cent per annum instead of six.

Again, the court below also erred in decreeing a release of the tax title by appellee to appellant. The bill contains no allegation from which it can be inferred that any contract, trust relation, or equitable grounds, exist requiring appellee to convey his title to appellant. The court should only have found the tax titles void and decreed their cancellation, and that appellee, and all persons claiming thereunder, be forever enjoined from asserting title under his purchases or tax deeds. But cross errors have not been assigned on this decree, and we can not reverse for this error.

The decree of the court below must be reversed because the court erred in allowing ten per cent on the taxes required to be repaid when but six should have been allowed, and the cause is remanded.

*Decree reversed.*