## MONROE HEATH

### v.

## ISAAC K. HALL et al.

1. MORTGAGE—*notes—default—power of sale.* A person gave a series of notes, falling due at different times, and executed a mortgage to secure their payment, and it contained a provision that, if default should be made in the payment of principal or interest on the days when due, the whole of the principal and interest should, at.the option of the payee, become immediately due and payable, and it authorized the payee, his heirs, executors, administrators or assigns, after publishing the required notice, to sell the equity of the premises and the redemption, and the mortgagee was authorized to convey to the purchaser.

The mortgagor sold the premises, and his grantee also sold them, both subject to the mortgage; and, subsequently, the mortgagee assigned the notes and mortgage to another person, who gave and published the notice of a sale for the payment of all the notes and interest, but two having matured by the efflux of time, and on the day fixed for the sale offered the premises, and they were bid off by another person to whom he conveyed; on a bill filed to set aside the sale because no sale was, in fact, made according to the notice: *Held,* that where the proof preponderated in favor of there having been a sale at the time, place, and in the manner required by the notice and mortgage, the sale would not be disturbed.

Also, that the holder of the notes and mortgage could exercise the option to declare all the notes due, and that such power passed by the assignment.

Also, that the holder, being an assignee, had the right, under the terms of the mortgage, to advertise and make the sale in the manner prescribed in the mortgage, and on the sale being made, he had power to execute a deed of conveyance to the purchaser.

2. BILL IN CHANCERY—*allegations—proofs—relief.* Where a bill proceeds for relief in such a case, upon the ground that there was no sale of the premises at auction, and the proof fails to sustain the bill, the complainant can not change his ground and attack the sale for an irregularity. The allegations and proofs must agree, or relief will be denied. A party can not obtain relief by making one case by his bill, and a different one by his proofs.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a suit in equity, brought by Monroe Heath, in the Superior Court of Cook county, against Isaac K. Hall, George M. Huntoon and Alexander McDaniels, to redeem from a mortgage executed to secure several promissory notes. The mortgage and notes were assigned and the equity of redemption was conveyed, and all parties in interest were brought before the court. On a hearing in the court below, the relief was denied, and the bill dismissed at the costs of complainant, and he brings the case to this court by appeal and assigns errors on the record, and asks a reversal.

Messrs. WILKINSON, SACKETT & BEAN, for the appellant.

Mr. R. H. FORRESTER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 13th day of July, 1867, Isaac K. Hall, one of the appellees, being the owner of the premises in question, executed a mortgage on the same to one Edward H. Mulford, to secure the payment of the sum of $900 according to the tenor and effect of five certain promissory notes made to said Mulford, one for $100, payable in one year from date, and the other four for $200 each, payable in two, three, four and five years after date, respectively, with seven per cent interest, payable annually.

The condition of the mortgage was as follows :

"Provided and agreed, that if default be made in the payment of said promissory notes, either of principal or interest, on the days whereon the same shall become due and payable, the whole of said principal and interest, secured by the said notes, shall, thereupon, at the option of the said party of the second part, (Edward H. Mulford,) become immediately due and payable. And this mortgage may be immediately foreclosed to pay the same, by the said party of the second part," etc., "or the said party of the second part, his heirs, executors, administrators or assigns, after publishing a notice in a newspaper published in the city of Chicago, thirty days before the day of such sale, may sell the said premises, and all right and equity of redemption of said Isaac K. Hall, party of the first part, his heirs and assigns therein, at public auction, at the court house door, in the city of Chicago, to the highest bidder for cash, at the time mentioned in such notice. And the said party of the first part hereby specially covenants and agrees, to and with the said party of the second part, to waive his right and equity and redemption, and the said party of the second part to make, execute and deliver to the purchaser or purchasers thereof a deed or deeds for the premises so sold, and out of the proceeds of such sale to pay all costs and expenses incurred in advertising and selling said premises, all the principal and interest due on said notes, and to render the overplus, if any, to said Isaac K. Hall, his heirs or assigns," etc.

On the 30th day of October, 1868, Hall and wife conveyed the premises to Cornelia Rogers by warranty deed, subject to the mortgage.

On the 25th day of January, 1869, Cornelia Rogers and husband conveyed the same premises to appellant, Heath, subject to the mortgage.

On the 9th day of September, 1869, Mulford made an assignment and transfer of the notes and mortgage, and all his interest in the mortgaged premises, to George M. Huntoon.

On the 15th day of September, 1869, Huntoon, professing to act under the power of sale contained in the mortgage, advertised the property for sale at the door of the court house in Chicago, at ten o'clock in the forenoon, on the 20th day of October, 1869. And on the said 20th day of October, Huntoon made and delivered to Alexander McDaniels a mortgagee's deed of the premises, under and in pursuance of an alleged sale at the time and place mentioned in the notice, for the sum of $1100.

On the 15th day of December, 1869, appellant filed his bill in chancery against Hall, Huntoon and McDaniels, setting forth the advertisement of notice of the sale of the mortgaged premises by Huntoon, as to take place on the 20th day of October, 1869, at the hour of ten o'clock in the forenoon; and alleging that, for the purpose of protecting his, appellant's, interest in the mortgaged premises, and bidding at the sale an amount sufficient to pay off what was due on the notes and mortgage, he attended at the time and place of the advertised sale, from the hour of ten o'clock A. M. until after the hour of eleven o'clock A. M. of that day; that the premises, during the time he so attended, were neither sold nor offered for sale at public auction by said Huntoon, nor by any one in his behalf, and that they had not been sold or advertised for sale by Huntoon at any other time or place than that mentioned in said notice.

And the bill charges that Huntoon, confederating with Hall and McDaniels to defraud complainant out of his interest in

the land, falsely and fraudulently claims and pretends that he sold the premises at public auction at the time and place mentioned in said notice, to McDaniels, as the highest bidder at such sale, for the sum of $1100 ; and that, in pursuance of such fraudulent combination, Huntoon had executed to McDaniels, as a pretended purchaser at such sale, a deed of the mortgaged premises, reciting in it a sale as regularly made under the power contained in the mortgage, at the time and place specified in the notice; that McDaniels never paid any part of the said sum of $1100 ; that he was not present at the sale, and made no bid thereat ; and the bill alleges that no sale, in fact, took place at the time and place mentioned in the notice, or at any other time and place, and prays that the pretended sale, and the pretended deed made thereunder, may be declared null and void, and be canceled, and that the complainant may be allowed to redeem the premises from the mortgage.

There is conflict in the testimony as to whether a sale, in fact, took place at the time and place advertised ; and, without reviewing the evidence in detail, we deem it sufficient to say that we regard the decided weight of the testimony to be, that the sale was had.

Four witnesses, who were present and witnessed the sale, testify positively to the fact of its taking place at the time and place specified in the notice ; that it was conducted openly, and in the ordinary manner of like sales at public auction ; two of them being, Huntoon, who made the sale, and Beveridge, who bid off the land for McDaniels.

The decree, in this respect, is fully sustained by the proofs.

The point is made, that the power to make a deed under the mortgage sale was expressly limited by the terms of the mortgage, to the mortgagee ; that Huntoon, as assignee of the notes and mortgage and mortgaged premises, had no authority to make the deed to McDaniels, and that, consequently, no title has yet passed by virtue of the sale ; and that, at any time before it has actually passed, by a full compliance with

all the terms of the power of sale, the owner of the equity of redemption has a right to redeem.

The mortgagee, "his heirs, executors, administrators or assigns," were authorized, in case of default of payment, to publish a notice and make sale of the mortgaged premises.

The notes and mortgage were not only assigned to Huntoon, but the mortgaged premises were actually conveyed to him by the mortgagee.

Huntoon, as an assignee, being expressly empowered to publish the notice and make the sale, after having made the same, we must regard him as the proper person to make the deed, he holding the legal title by conveyance from the mortgagee.

The essential things to effect a foreclosure, were the publication of the notice and the making of the sale, and receipt of the purchase price. The making of the deed would follow as a necessary consequence of a regular sale. It should come from the holder of the legal title.

The provision that the mortgagee should execute a deed, must be understood to apply where he held the legal title.

Another objection taken is, that only $300 of the $900— the amount of the first two notes and interest on the others— were due at the time of sale, while the property was advertised to be sold for the purpose of paying the principal and interest "of all said promissory notes, and the costs and expenses of sale ;" that there was no power to sell until the whole of the notes became due and payable by expiration of the time for which they were given, or at "the option of the said party of the second part" upon a default being made ; and that it does not appear, in any way, that the party of the second part (Mulford) ever exercised his option of declaring the whole of the indebtedness due and payable.

But no such case is made by the bill, and it is inconsistent with the one which is made by the bill.

The bill sets up that no sale, in fact, took place. It does not allege any irregularity in the making of a sale.

Under a bill alleging that no sale, in fact, took place, and fraud in setting up a pretended sale, and claiming relief on that ground, to consider proof of such an objection as is here urged, in the making of an actual sale, would operate as a surprise upon a defendant, and is inadmissible, by the well settled rule.

Allegations and proofs must correspond, and a complainant will not be entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the evidence. *McKay* v. *Bissett et al.* 5 Gilm. 499 ; *Morgan* v. *Smith et al.* 11 Ill. 195, 366 ; *Fish* v. *Cleland,* 33 Ill. 239 ; *Carmichael* v. *Reed,* 45 Ill. 108 ; *Piatt* v. *Vattier et al.* 9 Pet. 405.

The absence of any allegation in the bill in that respect, sufficiently disposes of this objection to the regularity of the sale, as well as other ones which are made, of a like character.

Perceiving no error in the record, the decree of the court below must be affirmed.

*Decree affirmed.*