## JACOB GLOS
*v.*
## JOHN S. GOULD.

*Opinion filed October 16, 1899—Rehearing denied December 9, 1899.*

1. TAX DEEDS—*when tax deed is invalid because of insufficient affidavit.* A tax deed is invalid where the affidavit upon which it is based fails to state the notice of purchase was served upon the owner. (Rev. Stat. 1874, sec. 216, p. 893.) Nor is it sufficient to allege that upon diligent search the only owner found was a specified person, upon whom notice was served "as owner," and that such person "had some interest, either as owner or otherwise, in the premises."

2. SAME—*when defendant may be required to pay his own costs on setting aside tax deed.* In a suit to set aside a tax deed, in which the relief prayed for is granted, the defendant cannot complain that he was required to pay his own costs, where, before commencement of the suit, he refused a tender of the amount due, with interest.

3. INTEREST—*since 1891 interest rate on amount paid at tax sale is five per cent.* Interest at the rate of five per cent, only, is recoverable, since the passage of the Interest law of 1891, upon the amount of taxes paid by a purchaser of lands at tax sale.

CARTWRIGHT, C. J., and CRAIG and BOGGS, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

ENOCH J. PRICE, for appellant.

KERR & BARR, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The appellee filed a bill against the appellant to set aside a certain tax deed held by appellant upon a lot in the city of Chicago belonging to the appellee. The cir-

cuit court granted the relief prayed for and set aside the tax deed, and the defendant prosecutes this appeal.

Five several grounds of invalidity of the tax deed are charged in the bill, but in the view we take it is necessary to consider but one, and that is, whether the affidavits on which the tax deed issued were sufficient on which to base the deed.

Appellant insists that under the averments of the bill and the findings of the decree the complainant is not entitled to the relief granted. The bill states that there are on file in the office of the county clerk an affidavit and notice, which constitute the only evidence on which said tax deed was issued. They are attached to the bill and made a part thereof, and are alleged to be void and not in compliance with the statute.

Section 217 of the Revenue act provides: "Every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance, which affidavit shall be delivered to the person authorized by law to execute such tax deed." The "foregoing section" referred to (section 216) provides that no purchaser, or assignee of such purchaser, of any land at any sale for taxes or special assessments shall be entitled to a deed to the land so purchased by him until certain conditions have been complied with, among which are: that "such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written or partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot; also, the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he or she can be found in the county; also, the owners of or parties interested in said land or lot, if they can, upon diligent inquiry, be found in the county, at least three months before the expiration of the time of redemption on such sale."

182—33

The affidavit on which the deed herein was based did not state positively that Jennie Hall was the owner. The affidavit states that appellant "made diligent search and inquiry for the owner of the lots described in said certificate and was unable to find any of said owners except Jennie Hall, the person served with notice, and was unable to find the names of said owners, except Jennie Hall." This allegation of the affidavit contains no definite statement that Jennie Hall was the owner, but only an inference that she might be regarded as owner. Appellant in his affidavit further proceeds to state that he "caused to be served the notice on Jennie Hall, as owner." We held in *Stillwell* v. *Brammell,* 124 Ill. 338, that such an allegation as this does not meet the requirements of section 216. "That section says that the owner must be served. It is not sufficient that service is had upon some one whom the party making the service may choose to designate as owner. The person to be served is he in whose name the land is taxed or specially assessed, and not some individual who may be regarded as the person contemplated by the statute." Appellant further proceeds to make the following statement in his affidavit: "Affiant makes the certificate, notice and affidavits attached, part of this affidavit, and relies upon the facts therein stated as a compliance with the law," etc. The only statement made in regard to the ownership of Jennie Hall in the attached affidavits is the statement in the additional affidavit of George W. Thoma, which is as follows: "Affiant is informed and believes that Jennie Hall at said date had some interest, either as owner or otherwise, in the premises described." This allegation is not sufficient. Section 216 requires notice to be served upon the owner, and not upon a person who, according to the information and belief of the affiant, may have some interest, as owner or otherwise, in the premises. Therefore the facts in the attached affidavit did not show a compliance with the

law, so far as service upon the owner is concerned. For this reason it was fatally defective.

Complaint is made by appellant that he was only allowed five per cent. interest, instead of six per cent, upon the amount of taxes paid by him. The decree recites that the appellee brought into court and paid to the clerk thereof, for the use of appellant, $330 in full compensation for the taxes, assessments and costs paid out by the defendant, and interest thereon at the rate authorized by law. There was no error in figuring interest at the rate of five per cent, inasmuch as the amendment to the Interest law passed in 1891 changed the rate of interest upon such items as those here involved from six to five per cent.

Complaint is further made by the appellant that he was required to pay costs. Upon an examination of the decree we find that it directs each party to the suit to pay his own costs, and as appellant paid no other costs than the sum of three dollars for an appearance fee we do not think that any injustice was done him in this matter. The cases referred to by counsel as holding that, in suits to set aside tax deeds as clouds, in the absence of a tender before suit the court should require the complainant to pay all the costs, are inapplicable to the present case. The bill here substantially alleges that a tender was made, before the filing of the bill, of more than the amount due for payments made at the tax sale, and for penalties and subsequent taxes and assessments and interest, and appellee offers in the bill to pay the same, and also avers that appellant rejected the tender so made and claimed to be the owner by tax deed.

The decree of the circuit court is affirmed.

*Decree affirmed.*

CARTWRIGHT, C. J., and CRAIG and BOGGS, JJ., dissenting.