HENRY H. GAGE

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 20, 1900.*

1. TAXES—*variance between notice and delinquent list as to essential matters is fatal.* A variance between the delinquent list and the published advertisement thereof, as to matters of essential description, is fatal.

2. SAME—*when published notice of delinquent list is defective.* A published notice of a delinquent list is defective where it omits to state that judgment will be applied for against the lands or lots named in the delinquent list, and where there is a variance between the warrant, as described in the notice, and the warrant described in the judgment record, both as to the date of the warrant and the improvement for which the assessment was levied.

3. SAME—*when defects in notice are not cured by recitals in judgment.* A recital in a judgment of sale for a delinquent special assessment that "due notice has been given" does not cure defects in the published notice, when reviewed in a direct proceeding, where the judgment was by default and without personal service upon or appearance by the property owner. (*McChesney* v. *People*, 178 Ill. 542, and *Bass* v. *People*, 159 id. 207, distinguished.)

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an application by the collector of Cook county for judgment and order of sale against certain lots of plaintiff in error, returned as delinquent under warrant 23,873 for the collection of a special assessment for a connected system of sewers in West Sixteenth street from Central Park avenue to Lawndale avenue and other streets. Judgment by default and order of sale were entered against plaintiff in error on July 16, 1900. This writ of error is sued out for the purpose of reviewing said judgment.

F. W. BECKER, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, DENIS E. SULLIVAN, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is assigned as error by the plaintiff in error, that the published advertisement of the delinquent list, as made by the collector, is defective in various respects.

The notice as published reads as follows: "Public notice is hereby given that the undersigned, county treasurer and *ex officio* county collector, etc., will apply to the county court of said county at the July term thereof, etc., for judgment against the ........ described in the foregoing list," etc. The notice fails to specify, that judgment will be applied for against the lands or lots or real property described in the list preceding the notice. Section 182 of the Revenue act requires, that "said collector shall give notice that he will apply to the county court, at the ....... term thereof, for judgment against said lands and lots for said taxes, special assessments," etc. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3464).

Section 182 requires, that the advertisement shall contain "a list of the delinquent lands and lots, upon which the taxes or special assessments remain due and unpaid, the names of owners if known, the total amount due thereon, and the year or years for which the same are due." There is nothing in the advertisement in the case at bar, which shows the year or years for which the taxes or special assessments named in the notice are due, unless the description of the date of the warrant answers this requirement. The list, which precedes the notice, refers to the lands, town lots or real property listed as follows, to-wit: "Warrant number 23,873, dated the 31st day of March, 1899, being for the collection of a special assessment for a connected system of sewers in the fol-

lowing named streets: "West Sixteenth street from Central avenue to Lawndale," etc.

There is a variance between the notice and the delinquent list or judgment record as to the warrant, and as to the description of the special assessment for which the judgment is asked. In the notice, as quoted above, the date of the warrant is described as March 31, 1899, but in the delinquent list or judgment record the warrant is described as being dated March 29, 1899. Again, in the notice the special assessment is described as being for a "connected system of sewers in the following streets: West Sixteenth street from *Central avenue* to Lawndale avenue," etc., while, in the delinquent list, or "tax judgment, sale, redemption and forfeiture record," the assessment is described as "made, levied and assessed by authority of said city of Chicago for a connected system of sewers in the following named streets: West Sixteenth street from *Central Park avenue* to Lawndale avenue," etc. In other words, the improvement is alleged in the notice to begin at Central avenue, while in the judgment record it is alleged to begin at Central Park avenue. Hence, the warrant mentioned in the notice is not the warrant mentioned in the delinquent list or judgment record, but differs from the latter as to date and description of the improvement. A variance between the notice and delinquent list as to matters of essential description is fatal.

Cooley, in his work on Taxation, (1st ed.), says, that, whether the notice required is to be made by publication or by posting, "it must be complied with strictly. This is one of the most important of all the safeguards which has been deemed necessary to protect the interests of parties taxed; and nothing can be a substitute for it or excuse the failure to give it." (Cooley on Taxation, p. 335). The notice is a pre-requisite to the officer's authority to act.

Blackwell, in his work on Tax Titles, (4th ed. p. 249), says that, where "the statute declares what the contents

of the advertisement shall be, each fact required by the statute must appear in the advertisement, or it will be void; thus, the time and place of sale, a description of the lands to be sold, the amount of tax due, the name of the owner, * * * the year for which the tax was due, a recital of the purpose for which the tax was levied, and such other facts as the particular statute, under which the notice is given, may have rendered essential. Any omission in these respects, or variance between the contents of the notice and the facts of the case, will invalidate the proceedings."

We regard the advertisement here as defective, for the reason that it omits to state that judgment will be applied for against the lands or lots named in the delinquent list, and for the further reason, that there is a variance between the warrant, as described in the notice, and the warrant, as described in the judgment record, both as to the date of the warrant, and as to the improvement for which the special assessment was levied.

*McChesney* v. *People*, 178 Ill. 542, is a case where there was a variance between the delinquent list and the advertisement in stating the name of the owner of the property; and the only reason why, in that case, the appellant was not allowed to take advantage of the defect in the notice, arising out of this variance, was that he appeared before the court and filed objections to the entry of judgment. In the case at bar, however, there was no appearance in the court below by the plaintiff in error, but the judgment against him was a judgment by default.

It is true that, here, the judgment recites upon its face that "due notice has been given." But the defects above referred to are not cured by this recital in the judgment in this case, because there was no personal appearance of the plaintiff in error, and the judgment against him was by default. Where a judgment by default, with no personal service upon the defendant, is sought to be reviewed in a direct proceeding, the record must show

affirmatively that the statute has been complied with. (*Haywood* v. *McCrory*, 33 Ill. 459; *Law* v. *Grommes*, 158 id. 492; *McChesney* v. *People*, 174 id. 46; *Senichka* v. *Lowe*, 74 id. 274; *Dennison* v. *Taylor*, 142 id. 45; *Payson* v. *People*, 175 id. 267; *Kuester* v. *City of Chicago*, 187 id. 21). What is said in *Bass* v. *People*, 159 Ill. 207, is not inconsistent with the views herein expressed, because, in the *Bass case*, the question was as to the evidence of the publication of the notice, and not as to the defects in the notice as published.

For the reasons above stated, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*