EMMA J. GLOS

v.

ARCHIBALD WOODARD.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*when cross error cannot be considered.* If a decree against two defendants is severable, their interests being distinct, and only one appeals, the appellee cannot assign cross-error as to the one not appealing.

2. SAME—*when an objection comes too late.* An objection that the master, in taking testimony with reference to title, set out in the evidence filed with his report only the dates of the deeds, the names of the parties, the premises conveyed and the book and page of the record, instead of setting out the record *in hæc verba,* comes too late when first made on appeal.

3. COSTS—*when complainant in bill to set aside tax deeds should pay costs.* If complainant in a bill to set aside tax deeds, based upon a legal tax, as a cloud on title, fails to make sufficient tender prior to the filing of the bill, it is proper, upon granting relief, to require him to pay the costs.

4. MASTERS IN CHANCERY—*master may adjourn taking of testimony to recorder's office.* If the original deeds in the chain of title sought to be established before the master in chancery are not procurable, he may adjourn the taking of testimony to the recorder's office, and there take the evidence from the records of such deeds.

5. TAX DEEDS—*copies of newspaper containing delinquent list must be filed with clerk of county court.* Filing copies of newspaper containing the delinquent list, and the publisher's certificate thereto, with the county clerk is not a compliance with section 186 of the Revenue act, requiring them to be filed in the office of the clerk of the county court, and, as such requirement is jurisdictional, its non-observance renders the judgments of sale, and the tax deeds based thereon, void.

6. SAME—*owner may show that court has no jurisdiction to enter judgment of sale.* A property owner against whose property a judgment of sale for taxes has been taken by default may show, in a proceeding to set aside the tax deeds based on such judgment, that the court had no jurisdiction to enter the judgment of sale.

7. JUDGMENTS AND DECREES—*record must show that court has jurisdiction to render judgment of sale for taxes.* A statute authorizing a court to render judgment of sale for taxes upon constructive notice must be construed strictly in favor of the land owner, and to sustain such judgment the record must show the court had jurisdiction.

8. SAME—*decree setting aside deed as a cloud should not direct re-conveyance.* If the holder of a tax deed quit-claims the property for

the purpose of further clouding the title, it is proper to set aside such quit-claim deed as a cloud upon the title of the owner of the fee; but the decree should not order a re-conveyance to him.

9. SAME—*when nothing is taken by intendment in favor of jurisdiction.* Nothing is taken by intendment in favor of the jurisdiction of a court of limited jurisdiction or of a court of general jurdisdiction exercising limited or special powers, but the record must show that the facts exist authorizing the court to act, or the judgment is void and may be so treated everywhere.

10. SAME—*when decree canceling tax titles should require re-payment of advances.* A decree setting aside tax titles quit-claimed by one defendant to the other should, in the absence of tender, require the complainant to re-pay to the holder of the quit-claim deed the taxes, interest and costs, and execution should be awarded for such costs.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This was a bill in chancery filed by Archibald Woodard in the circuit court of Cook county against Jacob Glos and Emma J. Glos, his wife, to set aside six tax deeds as clouds upon his title to twenty-three lots owned by him, located in the city of Chicago; also a quit-claim deed from Jacob Glos to Emma J. Glos, conveying to her all the interest in said lots which said Jacob Glos had acquired by two of said tax deeds. Answers and replications were filed. The case was referred to a master, and upon his report being filed and exceptions overruled thereto, a decree was entered setting aside all of said tax deeds upon the payment to Jacob Glos of $1424.43; also canceling said quit-claim deed from Jacob Glos to Emma J. Glos, and directing her to convey all interest acquired by her in said lots to Woodard within ten days, and decreeing that Woodard pay the costs. From that decree Emma J. Glos alone has prosecuted this appeal, and has assigned as error the action of the court in decreeing Woodard to be the owner of said lots; in setting aside the tax deeds under which she claims title; in canceling the quit-claim deed from Jacob Glos to her; in decreeing that she convey her interest in said premises

to Woodard; in setting aside the tax deeds in which she was interested without requiring Woodard to pay to her the amount of taxes, interest and costs paid by her and her grantor to acquire the same and thereunder, and in failing to award to her execution for her costs; and Woodard has assigned as cross-errors the action of the court in requiring him to pay to Jacob Glos the amount required to be paid to him by the decree, and in requiring him to pay the costs of suit.

ENOCH J. PRICE, for appellant.

PAM, CALHOUN & GLENNON, (ALBERT E. DACY, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The cross-error that the amount required by the decree to be paid to Jacob Glos by the appellee as a condition precedent to the setting aside of said tax deeds was excessive cannot be considered on this appeal, as the record is not so framed as to present that question for consideration. The decree as to Emma J. Glos and Jacob Glos is severable, their interests in the subject matter of the suit being distinct and separate, and Emma J. Glos alone having prayed and perfected an appeal, the rights of Jacob Glos as settled by the decree are not before the court for determination. *Montgomery* v. *Brown*, 2 Gilm. 581; *Tompkins* v. *Wiltberger*, 56 Ill. 385; *Alling* v. *Wenzel*, 133 id. 264; *Hammond* v. *People*, 164 id. 455; *Glos* v. *O'Toole*, 184 id. 585; *Norris* v. *Downing*, 196 id. 91.

The appellee failed to make a sufficient tender to either Jacob Glos or Emma J. Glos prior to the filing of his bill, and under the repeated decisions of this court it was not error to require him to pay the costs. *Cotes* v. *Rohrbeck*, 139 Ill. 532; *Gage* v. *Goudy*, 141 id. 215.

The premises were vacant and unoccupied at the time the bill was filed, and the appellee, to show title in himself from the United States, introduced in evidence the

original record of a large number of deeds appearing in his chain of title, the originals of which he was unable to produce, as the same appeared of record in the office of the recorder of deeds of Cook county. At the time said records of deeds were introduced in evidence the master had adjourned the taking of testimony to the recorder's office, and in the evidence filed with his report he set out only the date of the deeds, the names of the parties thereto, the premises conveyed thereby, and the book and page of the record where the record of each deed offered in evidence was to be found in the recorder's office of said county, and an objection is urged here to the master's report for the first time, upon the ground that the records of said deeds were not set out in the evidence accompanying the master's report *in hæc verba*, and it is said if said deeds are eliminated from the evidence as reported by the master, the appellee has failed to establish title in himself to said lots. The objection comes too late. If the appellant was not satisfied with the manner in which the master had reported to the court the evidence taken before him, and desired the records of said deeds copied into the testimony in full, she should have pointed out the omission to the master and chancellor by a specific objection and exception in apt time. Having failed to take such action in the court below, the objection that the records of deeds offered in evidence were not set out in the master's report, or the evidence filed with it in full, must be deemed to have been waived. The criticism upon the master in adjourning the taking of testimony to the place where the records were kept and could be readily examined we also deem without force. The master and chancellor both found that appellee was the owner of said lots in fee simple. The evidence found in this record fully sustains such finding, and no reason appears why the same should be disturbed by this court.

It appears from the evidence that the copies of the newspapers and certificates of the publishers required

to be filed as a part of the records of the judgments in the county court of Cook county by section 186 of the Revenue act, in the proceedings in which the judgments were rendered and sales had under which the tax deeds which are the basis of appellant's title were issued, were filed in the office of the county clerk of Cook county, and not in the office of the clerk of the county court of Cook county, as by law is required. This requirement of the statute was mandatory and essential to give the court jurisdiction to render the judgments for the sales of appellee's land, and the failure to comply with the provisions of said statute rendered the judgments, and the tax deeds based upon the sales thereunder, void. *McChesney* v. *People*, 174 Ill. 46.

It is said, however, that this is a collateral proceeding, and by virtue of the next to the last paragraph of section 224 of the Revenue act the appellee is precluded here from challenging the jurisdiction of the county court to render the judgments under which his land was sold, and that this court in this proceeding will presume that other evidence than that shown by the record was heard by the court at the time judgment was rendered, or that legal proof of the publication of the delinquent list was submitted to the court and filed in the office of the clerk of the county court at the time judgment was rendered, and that the same has been lost. We do not so understand the law. The appellee did not appear, and the judgments of sale were rendered against his land by default, (*Goudy* v. *Hall*, 30 Ill. 109; *Gage* v. *Busse*, 114 id. 589;) and he is not precluded in this proceeding from showing that the county court did not have jurisdiction to render the judgments under which his land was sold. In a proceeding to subject the land of a citizen to forced sale for the non-payment of taxes, a statute authorizing the court to render judgment of sale upon constructive notice should be strictly construed in favor of the land owner, and before a judgment of sale will be sustained it must

appear from the record that the court had jurisdiction to pronounce judgment and order a sale, and thereby deprive him of the title to his land. The principle is rudimentary that nothing is taken by intendment in favor of the jurisdiction of a court of limited jurisdiction or of a court of general jurisdiction while exercising special or limited powers, but the record must show the facts exist which authorize the court to act, and a judgment rendered without jurisdiction may be treated as void everywhere. (Cooley on Taxation,—2d ed.—pp. 525-531.)

The tax deeds upon which the title of appellant is based being void, and the quit-claim deed to her from Jacob Glos having been executed by him to her with the evident intent to further cloud the title of appellee, the court did not err in setting aside and canceling said quit-claim deed as a cloud upon appellee's title. It was, however, error to decree that appellant execute a conveyance to appellee. (*Barnett* v. *Cline*, 60 Ill. 205; *Reed* v. *Reber*, 62 id. 240.) It was also error for the court to set aside and cancel the tax titles quit-claimed by Jacob Glos to the appellant without requiring the re-payment to her of taxes, interest and costs, (*Glos* v. *O'Toole*, 173 Ill. 366,) and the appellant should have been awarded execution for her costs. *Gage* v. *Schmidt*, 104 Ill. 106; *Gage* v. *Thompson*, 161 id. 403; *Glos* v. *Brown*, 194 id. 307.

The decree of the circuit court as to Emma J. Glos is in all respects affirmed, except in so far as it directs her to execute a conveyance to the appellee and fails to direct the re-payment to her of taxes, interest and costs paid by her and her grantor and to award to her execution for her costs, in which respects the decree is reversed and the cause is remanded to the circuit court, with directions to change and modify its decree in the particulars hereinbefore indicated, and the parties will each pay one-half of the costs in this court.

*Reversed in part and remanded.*