## Archibald Woodard v. Jacob Glos and Emma J. Glos.

### Gen. No. 10,398.

1. REIMBURSEMENT—*what, required to be made where decree is entered setting aside tax deed.* Where a decree is entered upon a bill to set aside a tax deed, the complainant need only pay to the holder of such tax deed the amount of money paid by him at the tax sale and all subsequently paid taxes, together with lawful costs and interest thereon from the date of the sale to the date of the decree.

2. DECREE—*when, removing tax deed as cloud, is erroneous.* A decree setting aside a tax deed as a cloud, is erroneous where it, likewise, requires the defendant to convey and quitclaim his title.

3. DECREE—*when complainant may question.* Where, at the instance of the complainant, a decree is entered setting aside a tax deed and providing, as a condition of such relief, that the holder of such deed be reimbursed by the complainant by the payment of an amount named in such decree, within a time specified therein, and such complainant does not pay such amount within such time, he may, by writ of error, question the correctness of the amount so required to be paid by him.

4. WRIT OF ERROR—*when, lies.* A writ of error lies to review a chancery proceeding.

Proceeding to remove tax deed as cloud. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed in part; reversed in part and remanded. Opinion filed March 18, 1904.

**Statement by the Court.** Archibald Woodard, plaintiff in error, filed his bill in chancery against defendants in error, Jacob Glos and Emma J. Glos, his wife, to set aside six tax deeds as clouds upon his title to twenty-three lots owned by him in the city of Chicago, and also a quitclaim deed from Jacob Glos to Emma J. Glos, conveying to her all the interest in said lots which Jacob Glos had acquired by two of said deeds. The case being at issue, it was referred to a master. Upon the filing of his report and the overruling of exceptions thereto, a decree was entered setting aside all the tax deeds upon the payment to Jacob Glos of $1,424.43; also cancelling said quitclaim deed from Jacob Glos to Emma J. Glos, directing Jacob Glos upon payment to him of said sum of money to convey and quit-

claim all his interest in said lots to plaintiff in error and decreeing that the latter pay the costs. From that decree Woodard has sued out a writ of error, assigning as error that the sum required to be paid by him to Jacob Glos is excessive, and that Jacob Glos and not plaintiff in error should have been ordered to pay the costs of suit. Jacob Glos assigns cross-errors.

PAM, CALHOUN & GLENNON, for plaintiff in error; ALBERT E. DACY, of counsel.

ENOCH J. PRICE, for defendants in error.

MR. JUSTICE STEIN delivered the opinion of the court.

This record was before the Supreme Court upon the appeal of Emma J. Glos, one of the present defendants in error, in Glos v. Woodard, 202 Ill. 480; and it was there held that notwithstanding the finding of the decree that the deed by Jacob Glos to Emma J. Glos was executed by him without consideration and for the sole purpose of further clouding and entangling the title to the lots, yet as plaintiff in error " failed to make a sufficient tender to either Jacob Glos or Emma J. Glos prior to the filing of his bill, under the repeated decisions of this court it was not error to require him to pay the costs. Cotes v. Rohrbeck, 139 Ill. 532; Gage v. Goudy, 141 Ill. 215." Where a decree is entered upon a bill to set aside a tax deed, the complainant need only pay to the holder of the deed the amount of money paid by him at the tax sale and all subsequently paid taxes, together with legal costs and interest thereon from the date of the sale to the date of the decree. Glos v. Gould, 182 Ill. 512; Lauer v. Weber, 177 Ill. 115; Cotes v. Rohrbeck, *supra*. Instead of following this rule, the chancellor decreed that plaintiff in error " should pay Jacob Glos the amount of money which he would have been compelled to pay the county clerk to redeem the property from the tax sales mentioned, if the sale were redeemed upon the last day of redemption, with interest at six per cent from the date of the redemption period to the date of the decree,"

and in that way obtained said sum of $1,424.43, which is greatly in excess of the amount actually paid out by Jacob Glos. This was error. Plaintiff in error should not have been required to pay any penalties. Gage v. Du Puy, 137 Ill. 652; Gage v. Pirtle, 124 Ill. 502; Ames v. Sankey, 128 Ill. 523; Gage v. C. E. L. Co., 194 Ill. 30. It is contended, however, that the plaintiff in error is not in a position and should not be allowed to urge this error, because of his failure to comply with that part of the decree which ordered him to pay the $1,424.43 within thirty days from its entry as a condition of enjoying the relief granted. Counsel concedes that one method of questioning the correctness of the decree in this behalf is by perfecting an appeal and prosecuting it with effect. We know of no reason why the same result may not be accomplished by suing out a writ of error, which is a writ of right, and was at common law the only mode of removing a cause from an inferior court of record to a superior one for reversal. Bowers v. Green, 1 Scam. 42; McClay v. Morris, 4 Gil. 370; Hall v. Thode, 75 Ill. 173; Peak v. People, 76 Ill. 289; Village v. Dunham, 85 Ill. 567; Haines v. People, 97 Ill. 161; Anderson v. Steger, 173 Ill. 112; Unknown heirs, etc. v. Baker, 23 Ill. 430. Chancery cases may be brought before a court of review by writ of error. Greenup v. Porter, 2 Scam. 417.

The cross-error of Jacob Glos that he should not have been required to convey and quit claim his tax title to plaintiff in error, is well assigned. The decree should not have gone beyond setting aside and cancelling the tax deeds as a cloud upon complainant's title. Glos v. Woodard, *supra;* Barnett v. Cline, 60 Ill. 205; Reed v. Raber, 62 Ill. 240.

The ruling of the Supreme Court in Glos v. Woodard, *supra,* that plaintiff in error (appellee there) had shown himself the owner of the lots in fee simple, and was entitled to maintain the bill, is a sufficient reason for holding that the other cross-error of Jacob Glos is devoid of merit.

The decree of the Circuit Court is affirmed in all respects

except as to that part which requires plaintiff in error to pay $1,424.43 as a condition precedent to his obtaining the relief prayed for by him, and except also as to that part which orders defendant in error Jacob Glos to convey his interest in the lots to plaintiff in error; and as to such parts the decree is reversed and the cause remanded with directions to enter a decree in conformity with the views expressed in this opinion. The plaintiff in error and Jacob Glos will each pay one-half of the costs in this court.

*Affirmed in part; reversed in part and remanded.*