## MICHAEL R. DRENNEN

### v.

## THE PEOPLE ex rel. Lewis C. Price, County Treasurer.

*Opinion filed October 23, 1906.*

1. SPECIAL TAXATION—*printed delinquent list must be filed as part of records of the county court.* Filing the printed delinquent list and publisher's certificate "in the office of the county clerk and *ex officio* clerk of the county court" is not a compliance with the statute requiring the same to be filed as part of the records of the county court.

2. SAME—*what does not aid defect in filing the delinquent list.* Where the paper containing the delinquent list is marked, "Filed May 31, '04.—A. C. Hendee, Clerk," the fact that its due publication is sworn to before the clerk who signed his name to the jurat "A. L. Hendee, Clerk of the County Court," does not aid the defect as respects the failure to show the filing of the paper as part of the records of the county court.

3. SAME—*advertisement should show years for which taxes are due.* A statement in the advertisement of a delinquent list that the taxes remaining unpaid are for certain specified years "and previous years," is not a compliance with the statute requiring the advertisement to contain the list of lands upon which taxes remain due and unpaid "and the year or years for which the same are due."

WRIT OF ERROR to the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

LESLIE P. HANNA, State's Attorney, and SMOOT & EYER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to the county court of Lake county to reverse a judgment and order of sale entered by default in that court against certain property in Highland Park for a special tax for the construction of a sidewalk.

It is first objected that the printed list of delinquent lands and lots, with the certificate, under oath, of the publisher as

to due publication as required by law, and which the law requires to be presented by the collector to the county court when judgment is prayed and a copy thereof filed as a part of the records of said court, was not filed with the clerk of the county court nor as a part of the records of said court. The record shows it was "filed in the office of the county clerk and *ex officio* clerk of the county court of said county." This is not a compliance with the statute requiring it to be filed "as a part of the records of said court."

It is contended by defendant in error that as the law required the list to be filed as a part of the records of the county court, it must be presumed that the clerk did his duty and filed it in the office of the clerk of the county court. We think no such presumption can be indulged in the state of this record. If the recital was that the certificate was filed in the office of the county clerk, with the addition of no other words, it would clearly not be a compliance with the statute. The words "and *ex officio* clerk of the county court," immediately following "county clerk," leave it very uncertain as to where the list was filed. Whether it was filed in the office of the county clerk, who is also *ex officio* clerk of the county court, or whether it was filed in the office of the county clerk and in the office of the *ex officio* clerk of the county court, is by no means clear. In *McChesney* v. *People*, 174 Ill. 46, it was held that the act requiring the list to be filed as a part of the records of the county court is mandatory and essential in order to give the court jurisdiction. In that case it was said : "The offices [of county clerk and clerk of the county court] are separate and distinct, although by the statute they are filled by the same person. In the different offices he has charge of two different and separate sets of records pertaining to different jurisdictions. The records in the office of the county clerk are not records of the county court, and filing a paper in that office does not make it a part of the records of that court." The original paper containing the delinquent list has been certified up to us, and the file-

mark thereon is: "Filed May 31, /04.—A. C. Hendee, clerk." The fact that its due publication was sworn to before the clerk, who signed his name to the jurat "A. L. Hendee, clerk of the county court," cannot, as contended by the defendant in error, aid the defect. *McChesney* v. *People, supra,* was approved and followed in *Glos* v. *Woodard,* 202 Ill. 480, *Nowlin* v. *People,* 216 id. 543, and *Glos* v. *Hanford,* 212 id. 261.

It is next objected that the published delinquent list was defective in not complying with the statute requiring the publication of the year or years for which the delinquent taxes are due. On the first page of the paper containing the delinquent list, and preceding the first column of said list, is the notice of the collector that he would apply to the county court of Lake county, to the June term, 1904, "for judgment against the lands and lots mentioned and described in the following list of delinquent lands and lots, for the taxes, special taxes, back taxes, personal taxes, special assessments, interest and costs due severally thereon for the years 1903 and 1904, and previous years when unpaid, and for an order to sell said lands and lots for the satisfaction thereof." At the end of said delinquent list said county treasurer and *ex officio* collector of taxes certified "that the foregoing is a list of delinquent lands and lots upon which taxes remain due and unpaid for the years 1902 and 1903 and previous years." The statement that application for judgment would be made for the taxes for certain specified years and previous years is not a compliance with the statute that "said advertisement * * * shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid * * * and the year or years for which the same are due." *Gage* v. *People,* 188 Ill. 92.

Some other objections are made to the validity of this judgment, but as it must be reversed for the reasons indicated we deem it unnecessary to discuss them.

The judgment of the county court is reversed.

*Judgment reversed.*