ELVIRA E. STEARNS, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed June 18, 1908.*

1. EQUITY—*proof without allegations is unavailing in equity.* The allegations of a bill in equity, the proof and the decree must correspond, and a complainant is not entitled to relief, although the evidence may establish a clear case, unless there are averments in the bill to support the case made by the evidence.

2. TAX DEEDS—*when a tax deed cannot be set aside for alleged misdescription of premises.* A tax deed cannot be set aside for alleged misdescription of the premises where the court can legally infer that the description in the tax deed conveys the identical property described in the bill.

3. COSTS—*tender must be unconditional in order to fasten costs on holder of tax deed.* A tender to the holder of a tax deed for the amount paid by him for the tax certificate, with costs and interest, is not sufficient to fasten upon him the costs of a proceeding to set aside the deed, where the tender was not unconditional but was accompanied by a demand that he execute a quit-claim deed to the property.

APPEAL from the Superior Court of Cook county; the Hon. A. C. BARNES, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

M. W. & H. B. ROBINSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed her bill in the superior court of Cook county to set aside a tax deed of appellant, alleging that she was the owner and in possession, through her tenant, of lot 2 in the subdivision of lots 23, 24, 25 and 26 in Edgar Loomis' subdivision of lots 4, 5, 6, 7, 14, 16 and 17, (except the west thirty-three feet of lots 5, 6 and 16,) in V. C. Turner's subdivision of lot 4 in Wakeman and others' partition of the south 81.14 acres in the south half of the south-east quarter of section 12, town 39, north, range 13, east of the third principal meridian, in Cook county, Illi-

nois.   The tax deed described the property as "sub-lot 2, lots 23 to 26 in Edgar Loomis' sub. of blocks 4, 5, 6; 7, 14, 16 and 17 (ex. w. 33 ft. of blocks 5, 6 and 16,) in street, in V. C. Turner's sub.," etc., the rest of the description being the same as in the bill.   It is alleged that this same defect in the description is found in several other legal papers required by law to be filed previous to the issuing of a tax deed to the purchaser at a tax sale.   Appellant filed an answer, denying that appellee was the owner or in possession of the premises, and also every material allegation of the bill, and demanding strict proof.   After the pleadings were settled the case was referred to the master to take evidence. The master, after a hearing, reported his findings, and recommended that the tax deed be set aside as void and a cloud upon appellee's title.   Exceptions were filed to this report, and on hearing in the superior court they were overruled and the master's report confirmed, it being decreed that said tax deed be set aside and declared null and void as against appellee, her heirs and assigns.   Appellant has brought the case by appeal to this court.

The decree does not make any specific finding of facts. It states, among other things, that "by reason of noncompliance in sundry respects with the requirements of the statutes in that behalf provided which are necessary to confer jurisdiction upon the county court in the premises, said tax deed * * * should be surrendered and canceled as a cloud" upon appellee's title.   From the reading of the bill and decree it might, perhaps, be inferred that the deed was set aside for said alleged misdescription in the tax deed, the same misdescription being found in the precept, certificate and delinquent list of the county collector.   If the description in said tax deed and other documents was not a sufficiently accurate legal description of the property in question, then, in order to set it aside, there should have been proof that the property described in the tax deed could not have been other and different property from that described

in the bill as owned by appellee in another subdivision in "V. C. Turner's subdivision of lot 4," etc. No such proof is found in the record. If this court can legally infer that the description in the tax deed conveys the identical property described in the bill as belonging to appellee, then it necessarily follows that the trial court could not set aside the deed for such misdescription.

It is a fundamental rule of equity pleading that the allegations of a bill, the proof and the decree must correspond, and that the decree cannot give relief which the facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply. *Rowan* v. *Bowles,* 21 Ill. 16; *Burger* v. *Potter,* 32 id. 66; *Langlois* v. *People,* 212 id. 75; *Gage* v. *Curtis,* 122 id. 520.

There is an allegation in the bill that appellant, at the time he filed his application for a deed of conveyance with the county clerk, knew the name and address of appellee but made no effort to serve her with notice. There is no such specific finding in the decree, and while there is some evidence tending to support this charge, we are not prepared to say, on this record, that it is sufficient to justify the setting aside of the deed.

It is also urged that the proof shows that the delinquent list published in the *Daily Inter-Ocean* at the time the property was advertised for sale for the non-payment of taxes was so faulty as to justify the setting aside of the deed thereafter issued. Had this defect been properly alleged in the bill we think there is evidence in the record to justify such finding. Said delinquent list as published gave the name of the property owner as "E. B. Stirous" instead of "E. B. Stearns," and described the property as "sub-lot 2 of lot 26," etc., instead of "lot 2 in the subdivision of lots 23 to 26," etc. These defects in the publication of the delinquent list are not referred to in any manner in the bill or in the decree. There is also evidence tending to show that the affidavit as to the publication of this delinquent list

is not in conformity with law, but there was no allegation in the bill or finding in the decree to that effect. We do not think the relief on these two points can fairly be said to come within the allegations and scope of the bill. (*Penn* v. *Fogler,* 182 Ill. 76.) Complainant is not entitled to relief, although the evidence may establish a clear case in his favor, unless there are averments in the bill to support the case made by the evidence. (*Heath* v. *Hall,* 60 Ill. 344.) In *Angelo* v. *Angelo,* 146 Ill. 629, it was decided that an order setting aside a tax deed could not be upheld, for the reason that it was based upon ground foreign to the issues in the case; that there was no allegation in the bill that the notice of the tax sale was defective, and even though there was evidence to this effect, it would not justify such finding in the decree without an allegation to that effect in the bill. Proof without allegations is as unavailing in equity as are allegations without proof.

We are compelled to hold that there is no allegation in the bill, supported by legal proof, that justifies the cancellation of this tax deed.

The decree of the superior court taxed the costs against appellant. Before such costs can be taxed against the holder of a tax deed he must, by a valid tender, be placed in the position of refusing to do equity. The evidence in this record shows clearly that before the filing of this bill the only tender made by appellee to appellant of the amount paid by him for tax certificate, costs and interest was coupled with the condition that a quit-claim deed of the property should be given by appellant to appellee. This question was discussed at length in *Glos* v. *Goodrich,* 175 Ill. 20, and it was there held that to fasten the costs upon the holder of a tax deed the tender must be absolute and without any condition. The reasons for this rule are set out in that decision and it is unnecessary to repeat them here. The same principle is laid down in *Barnett* v. *Cline,* 60 Ill. 205; *Reed* v. *Reber,* 62 id. 240; *Glos* v. *O'Brien Lumber Co.* 183 id. 211; *Moore*

v. *Vail,* 13 N. J. Eq. 295; *Butler* v. *Hinckley,* 30 Pac. Rep. 250; see, also, 28 Am. & Eng. Ency. of Law, (2d ed.) pp. 31-35, and authorities there cited.

In view of our holdings on the questions heretofore discussed in this opinion it is needless to discuss the other questions raised in the briefs.

For the reasons indicated the decree of the superior court will be reversed and the cause remanded to that court.

*Reversed and remanded.*