THE PEOPLE *ex rel.* Fred Bestold, County Collector, Appellee, *vs.* THE TOLUCA STATE BANK, Appellant.

*Opinion filed December 21, 1927.*

1. TAXES—*what necessary to enable collector to charge real estate with personal tax.* To enable the county collector to charge real estate with a personal property tax the Revenue act requires him to note on his book, opposite the name of the owner, the reason for failure to collect the personal tax and to enter on the book an affidavit setting forth the delinquency and that due diligence has been used to collect the tax, as the act provides that it is only in case of removal or where the tax cannot be collected out of personalty that it may be charged against the real estate.

2. SAME—*application for judgment must state what property is to be charged with personal tax.* Under the Revenue act, where a collector seeks judgment for sale of real property to pay a personal property tax he must select some particular tract to be charged with the delinquent personal property tax and designate such tract in his application or demand for judgment and sale, and the statute is not complied with by merely listing the real property with the amount of the entire real and personal tax, without stating that a personal property tax is to be charged on any real property.

3. SAME—*when the certificate of publication of application for judgment is not properly signed.* Under the statute the certificate of publication of the notice of application for judgment and sale

must be signed by the publisher or his agent, and it is not sufficient where it is signed "G. Wiley Beveridge, Editor and Manager," without any statement of the relation which the person signing bears to the paper in which the publication appears.

4. SAME—*proper publication of application for judgment is essential to give court jurisdiction.* As an application for judgment and sale for delinquent taxes is a proceeding *in rem,* the delinquent list serves as a declaration and the notice as process, and it is essential to give the court jurisdiction that the statute be complied with in publishing the notice.

5. SAME—*when real estate of a bank cannot be charged with capital stock assessment.* Where a bank is insolvent and in the hands of a receiver, its capital stock, represented by shares in the hands of stockholders, is a liability and not an asset of the bank, and a tax on an assessment of capital stock cannot be charged against the real estate of the bank and judgment and order of sale entered against such real estate for its payment.

APPEAL from the County Court of Marshall county; the Hon. HOMER BARNEY, Judge, presiding.

GEORGE W. HUNT, for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment and order of sale of the county court of Marshall county of the real estate of the Toluca State Bank. There was extended against the west seventy-five feet of lot 12, in block 73, Santa Fe addition to the city of Toluca, a tax of $148.73. There was also assessed in the name of the Toluca State Bank, against personal property, a tax of $1287.84, but neither tax was paid to the collector. The judgment and order of sale were entered June 6, 1927. June 25 of the same year, which was during the June term, appellant filed a motion to vacate the judgment entered by default. Appellant had filed no objections nor in any manner entered an appearance before the judgment. The motion asked to be permitted to show cause why the judgment for personal taxes ought not to have been returned delinquent and ad-

judged against the land. Appellant offered to pay the tax against its real estate, cost of advertisement and interest, but objected that the personal property tax of $1287.84 was not a tax against personal property of the bank and could not be charged against its real estate. The motion was denied, and this appeal follows. No brief has been filed by appellee.

The bank is in the hands of a receiver. Neither tax was paid. The county treasurer and *ex-officio* collector failed to note on his book, opposite the name of appellant, any reason for failure to collect the personal tax and entered no oath upon his book setting forth the delinquency, that the tax is unpaid and that the collector used due diligence to collect the same, as required by the Revenue act. The Revenue act provides that the tax on personal property, except in case of removal or where the tax assessed against personal property cannot be made out of the personal property, cannot be charged against real estate. The act requires that if a collector is unable to collect the tax on the personal property by reason of removal or insolvency of the party against whom the tax is charged, he shall, at the time of returning his books, note in writing, opposite the name of the person against whom the tax is charged, the cause of failure to collect the same, and must also make oath that the cause of delinquency is correct, that the tax is still due and unpaid, and that he has used due diligence to collect the same, and the affidavit shall be entered upon the collector's books. (*People* v. *Scheifley,* 252 Ill. 486.) The collector's books show a personal property tax was assessed against the Toluca State Bank of $1287.84, and also show a tax assessed against the real estate of the bank of $148.73. There was no notation made by the collector on his books of any reason for failure to collect the personal property tax, no oath made that the tax is due and unpaid and that the collector had used due diligence to collect the same.

The notice of the intended application for judgment against delinquent lands and lots for taxes for 1926 stated the collector would apply for judgment against such lands and lots for delinquent taxes due for the year 1926, "and the back taxes, special assessments, interest, penalties and costs due from prior years." The notice contained no statement that the collector would seek to charge any personal property tax on any real estate. In *Drennen* v. *People, 222* Ill. 592, the court said: "The statement that application for judgment would be made for the taxes for certain specified years and previous years is not a compliance with the statute that 'said advertisement * * * shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid * * * and the year or years for which the same are due.'—*Gage* v. *People,* 188 Ill. 92."

Under the Revenue act, where a collector seeks judgment for sale of real property to pay a personal property tax, he must select some particular tract to be charged with the delinquent personal property tax and designate such tract in his application or demand for judgment and sale, and the statute is not complied with where there is no statement that a personal property tax is to be charged on any real property. (*People* v. *St. Louis Bridge Co.* 291 Ill. 95.) In the published delinquent list, under the heading "Bennington Township" and sub-head "Santa Fe First Addition," appears the following:

"Toluca State Bank
  75 feet and per............12       73        $1436.57"

The bank owned the west seventy-five feet of lot 12, in block 73, against which a tax of $148.73 was extended. That· and the personal property tax, added together, make the amount for which judgment was rendered, $1436.57, but that was not notice that the collector had been unable to collect the personal property tax and that it was charged against the land. We have before seen that the collector

327—41

did not comply with the law necessary to authorize the personal property tax to be charged against the land.

The certificate of publication of the notice of application by the collector for judgment and order of sale was signed, "G. Wiley Beveridge, Editor and Manager." The statute requires that when any notice is required by law to be published, the certificate of publication should be signed by the publisher or his authorized agent. (Cahill's Stat. chap. 100, sec. 1.) The certificate in this case contains no statement of the relation of the person who signed it to the *Lacon Home Journal,* in which the notice was published, but is signed by the name of Beveridge, "Editor and Manager." This was not a compliance with the statute. (*McChesney* v. *People,* 174 Ill. 46; *People* v. *Coal Belt Electric Railway Co.* 311 id. 29; *People* v. *Missouri Pacific Railroad Co.* id. 59.) The delinquent list serves as a declaration and the notice as process. The proceeding was *in rem,* and it was necessary, to give the court jurisdiction, that the statute be complied with in publishing the notice. In the absence of such compliance the judgment is void for want of jurisdiction.

Another question raised is whether, in any event, the personal property tax could lawfully be charged against the real estate. The tax was not assessed against the personal property of the bank. It was extended against an assessment of the shares of stock of the bank issued by the bank and owned by the persons to whom issued. It was not assessed against any personal property owned by the bank. In the motion to set aside the judgment it is stated that the amount was computed on the number of shares of stock issued by the bank to the stockholders, and the gross amount of the tax was without lawful authority extended by the collector against the bank as a personal property tax of the bank. The stock was not the personal property of the bank but of the stockholders. It could not properly be assessed against the bank, for instead of being the bank's

property it was a liability of the bank and the tax was a lien on the stock. It is perhaps true that it is the practice of a solvent and going bank to pay the capital stock tax and charge it to expenses of the bank. It then comes out of the earnings, which would otherwise be paid to the stockholder in dividends if it had not been paid by the bank. In this case, when the personal property tax was assessed the bank was insolvent and in the hands of a receiver. It had no money to be paid out in dividends and was not chargeable with the capital stock assessment, which was a liability of the stockholder; and even if the statute had been complied with in other respects, which it was not, the tax could not be charged against the real estate of the bank and judgment and order of sale entered against the real estate for its payment. If the stock had any value and the owner of it was unable to pay the tax, recourse should have been had against the stock itself. We do not think that the mere fact that in practice it is customary (if it is) to assess the capital stock against the bank as personal property authorizes making it a charge against the bank's property. The Revenue act provides a method by which the collector can resort to the shares of stock to collect the taxes. If it was lawful to charge them against the real estate of the bank and collect the tax out of the real estate it would be paying the liability of a stockholder, when we must assume, because of the bank's insolvency, it had no money to distribute among stockholders.

The county court erred in not setting the judgment by default aside and allowing appellant to show cause why it should not have been rendered.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.                      *Reversed and remanded.*